WAKEMAN and SKINNER, executors, &c. *vs.* HAZLETON and wife.

Where a bill was filed to foreclose a mortgage, which was a valid lien upon premises worth the whole amount due on such mortgage, including costs of foreclosure, but owing to the ignorance or carelessness of the person employed to foreclose the mortgage, a subsequent purchaser, of the mortgaged premises, from the mortgagor, was not made a party, and the bill having been taken as confessed against the mortgagor, a decree of foreclosure and sale was entered, and the premises were sold, for less than one third of the amount due upon the mortgage, to a person who transferred his bid to the owner of the equity of redemption; *Held* that the decree for a foreclosure and sale was a mere nullity, so far as the rights of the owner of the equity of redemption were concerned; and that it was a proper case for setting aside such decree, and the sale under it, and for granting leave to amend the bill, upon the application of the complainants, on terms.

Where executors employ a person not authorized to practice, to foreclose a mortgage due to the estate of their testator, and he forecloses the same in the name of another person, as solicitor, but from the ignorance of the person so employed by the executors, the mortgage is irregularly foreclosed, so that a part of the debt is lost, such executors are answerable to the legatees for the amount of such loss.

*It seems* that if a person not legally authorized to practice law is employed to conduct judicial proceedings, he is not legally responsible to his employer for any loss the latter may sustain in consequence of the ignorance of the person so employed, in respect to legal proceedings.

Wakeman *v.* Hazleton.

THIS was an appeal from an order of the late vice chancellor of the seventh circuit, denying an application of the complainants for a resale of mortgaged premises, and for other relief. James Skinner, deceased, appointed the complainants his executors, and authorized them to sell his residuary estate and to divide the proceeds thereof among his legatees. They sold a farm in Seneca county, which belonged to their testator's estate, to the defendant E. Hazelton, and took back from him a bond and mortgage for a part of the purchase money. Hazleton afterwards became insolvent and conveyed the mortgaged premises to W. Clark, his father-in-law. The mortgage not being paid, the complainants employed M. S. Hunting, who was not authorized to practice in chancery, to foreclose the same. He filed the bill in this cause, in the name of a solicitor residing in an adjoining county, to foreclose the mortgage. And, either through ignorance, or for some other cause which is not explained, he neglected to make Clark a party to the suit; although at the time of the filing of the bill, or within a few days there-after, he was informed that the mortgagor had conveyed all his interest in the premises about a year before, and that Clark was the sole owner of the equity of redemption at the time of the commencement of the foreclosure suit. Hazelton made no objection to the suit upon that ground, but suffered the bill to be taken as confessed; and the usual decree of foreclosure and sale was entered, in the same manner as if he was still the owner of the premises. At the time of the master's sale there was about $1800 due upon the bond and mortgage, and the mortgaged premises were worth considerably more than the amount of the debt and costs. Hazelton and Clark allowed the premises to be struck off to the husband of one of the legatees, for $600. Clark immediately afterwards insisted upon his right to redeem the premises, upon payment of the amount of the bid, on the ground that he had not been made a party to the suit; and he induced the purchaser to relinquish the purchase to him for that sum.

The complainants thereupon applied to the vice chancellor to set aside the sale, and for leave to amend their bill by making Clark, the owner of the equity of redemption, a party to

tne suit; and for such other relief as might be proper under the circumstances of the case. The vice chancellor denied the motion with costs. He however directed Clark to pay to Ruth Smith, one of the legatees, who was an infant at the time of the master's sale, such a sum as would be equal to her share of the amount which was due upon the bond and mortgage. But he made no provision for the payment of what was due to the other legatees, out of the moneys secured by the bond and mortgage; or for indemnifying the complainants against their liability to those legatees for the loss which would be sustained by the negligence of such complainants as executors, in case the sale was permitted to stand.

*A. Gibbs*, for the appellants.

*E. F. Smith*, for the respondent.

THE CHANCELLOR. It is very evident in this case that if any thing is lost upon the bond and mortgage given to the executors, it will have been occasioned by their negligence in employing a man to foreclose the mortgage, in chancery, who was not authorized to practice, and who suffered the premises to be sold under a decree which was a mere nullity, so far as the rights of the owner of the equity of redemption were concerned. For under such a foreclosure there is no presumption that the mortgaged premises were sold for their value. Nor were the legatees who were adults bound to attend and bid upon the premises, upon a sale under such a decree, for the purpose of preventing a sacrifice of the property. There being no valid foreclosure, the legal effect of the proceeding is the same as if the executors had assigned this bond and mortgage to Clark for $600; when the mortgage was a valid lien upon premises which were worth the whole amount due, including the necessary costs of a proper foreclosure. I do not see any thing, therefore, to protect the executors from personal liability to the legatees in case this sale is permitted to stand. And as Hunting was not an officer of this court, authorized to foreclose the bond and mortgage here,

it is more than doubtful whether the complainants could recover against him for his gross neglect in failing to have the mortgage properly foreclosed. I think also, from the facts stated in the papers which were before the vice chancellor, that Hazelton, and Clark his father-in-law, must have been aware of the legal defects in the foreclosure of the mortgage; and that they intentionally suffered the premises to be struck off to Smith, for a small sum, for the purpose of obtaining the property without paying the amount justly due upon the bond and mortgage. The complainants, on the other hand, even if they were aware of the fact that Clark had not been made a party to the foreclosure suit, could not have understood the legal effect of the proceeding, or they would not have allowed the property to be sold under the decree for less than one third of the amount actually due. I think, therefore, that justice to all parties required that the vice chancellor should grant relief; where it could have been done without any injury whatever to Clark, the owner of the equity of redemption in the mortgaged premises. The sale, as well as the imperfect decree under which it was made, should have been set aside upon terms; unless Clark thought proper to pay the balance due upon the decree.

The order appealed from must therefore be reversed. And unless Clark thinks proper, within sixty days after the entry and service of the decretal order upon this appeal, to pay the complainants the balance due upon the decree, after deducting therefrom the amount which he has already paid to Ruth Smith for her share, with the interest thereon, the master's sale and the decree under which it was made, and all proceedings in the suit subsequent to the taking of the bill as confessed against the defendants, are to be set aside; upon the complainant's refunding to Clark the $600, and the amount paid to Ruth Smith, with interest on those two sums from the times they were paid. And the bill in that case must be amended by making the owner of the equity of redemption a party to the suit. If Clark does not pay the balance due upon the decree within the time above specified, the complainants are, within sixty days thereafter, to pay the amount of the bid at the master's

sale and the money paid to Ruth Smith under the vice chancellor's order. And if they neglect to pay or to tender it to Clark or to his solicitor, within the sixty days, their motion is to be denied with costs.

Neither party is to have costs as against the other upon this appeal.