## PUGSLEY *vs.* AIKIN and others, executors, &c.

The rule of the common law, that a cause of action against a testator cannot be joined with a cause of action against his executors personally, has not been changed by the code, which authorizes the uniting of different claims against a trustee, by virtue of a contract, or by operation of law.

Where it was alledged in the complaint that a testator hired a farm of the assignor of the plaintiff, for the term of one year and an indefinite period thereafter, and that after his death the defendants, as his executors, took possession of and occupied the farm as like tenants from year to year, and the plaintiff claimed to recover of the defendants rent for the whole period the farm had been occupied by them, and their testator; *Held,* that there was a misjoinder of claims, and judgment was given for the defendants.

APPEAL by the defendant from a judgment rendered at a special term of the court. The complaint alledged that, on the 1st day of April, 1838, Gerard W. Morris and Henry Morris were owners, as tenants in common with L'Amoureux and others, of a farm in Greenbush, each of them owning one-twentieth part thereof. That previous to that date William Aikin, in his life-

Pugsley *v.* Aikin.

time, hired and rented the said farm of the owners thereof "for the term of one year and an indefinite period thereafter," at a rent of $400 a year; that Aikin agreed to pay them, the said Gerard W. and Henry, each $20 per year, for their share of said premises; that in pursuance of said agreement, Aikin took possession of said farm, and occupied it as tenant from year to year till his death, in April, 1844; that said defendants were thereupon appointed his executors, and that as such executors they took possession of, and used, occupied and enjoyed and sublet the said farm, and the shares of the said Gerard W. and Henry, up to and including the first day of May, 1850, *as like tenants from year to year*, at the said rent of twenty dollars per year, &c. It was further alledged that neither William Aikin in his lifetime, nor the defendants since his death, had served any notice of abandonment of said premises, or of discontinuance of said tenancy from year to year; that none of said rent had been paid by Aikin in his lifetime, or by the defendants as his executors, since his death, and that the claim for such rent had been duly transferred to the plaintiff. The complaint concluded with a claim to recover $40 a year, and interest, from the 1st of April, 1839, to the 1st day of April, 1850.

The defendant demurred to the complaint, on three grounds: 1. That distinct causes of action had been improperly joined in the complaint, inasmuch as the alledged cause of action for rent claimed to have accrued on a contract made by Wm. Aikin, in his life time, was improperly joined with a claim for rent claimed to have accrued upon a contract with the defendants, since his death. 2. That the facts set forth in the complaint constituted no cause of action, &c. 3. That so much of the said supposed causes of action as accrued more than six years before the commencement of this action were barred by the statute of limitations; and that nothing was alledged in the complaint to take the same out of the operation of the statute.

The cause was heard at a special term, before Justice Pratt, who gave judgment in favor of the plaintiff, upon the demurrer.

*Wm. Barnes*, for the plaintiff.

*S. Stevens*, for the defendant.

*By the Court*, PARKER, J. When several causes of action have been improperly united, the remedy is by demurrer. (*Code,* § 144, *sub.* 5.) It has long been a well settled rule of law that a cause of action against a testator cannot be joined with a cause of action against his executors personally. (*Myer* v. *Cole*, 12 *John.* 349. *Reynolds* v. *Reynolds*, 3 *Wend.* 244. *Gillet* v. *Hutchinson*, 24 *Wend.* 184. *Demott* v. *Field*, 7 *Cowen*, 58.) This rule has not been changed by the code, which authorizes the uniting of different claims against a trustee, by virtue of a contract, or by operation of law, but does not permit a claim against a trustee personally to be united with a claim against the estate represented by him. (*Code*, § 167.)

But it is contended by the plaintiff's counsel that inasmuch as the original letting was to the testator, the plaintiff has a right to recover the rent which accrued after, as well as before, his death. But we must not overlook the distinction between a contract for a single term, made by the testator, and a lease supposed to be renewed by a new contract made from year to year. In the former case the lessor has a clear right to recover from the executors the rent which accrued after, as well as before, the death of the testator. It is because the personal representatives holding for the remainder of the term are liable on the covenant or agreement of their testator. No case can be found, carrying a right to recover beyond this point, nor on any other principles. All the authorities relied on are of this description. The precedent in 1 Saunders' Rep. 1, is of a declaration to recover rent which accrued after the death of the testator, on a seven years' lease entered into by him, in his lifetime. Here was a personal covenant to pay rent for a fixed term of time, and the personal representatives were bound to make good the engagement. So, too, the case of *Atkins* v. *Humphrey et al., Ex'rs of Scrivener*, (2 *Mann., Gran. & Scott*, 654,) was assumpsit against the defendants for the use and occupation of

messuages, held of the plaintiffs by the defendants, as executors, under *a demise to Scrivener*, and a promise by the executors to pay. It was held, on demurrer, that it was not necessary in such case to aver an occupation by the defendants. That was the only point decided. It shows that the right to recover did not depend on the occupation by the executors, but on the demise to the testator, and the legal liability of the executors to make good the testator's contracts.

The case of *Ackland* v. *Pring*, (2 *Man. & Gran.* 937,) cited also by the plaintiff's counsel, was on a lease for 21 years, and it was held that the term vested by law in the personal representatives, and that the lessor had the right to sue the personal representatives on the covenant of the testator. The other cases cited by the plaintiff's counsel on this point, are equally inapplicable. None of them tend to show that executors, as such, can be held beyond the limit of the precise contract made by the testator; whether it be a contract for a term of years, or for a single year, or for any other fixed period of time.

In the case at bar, it is alledged in the complaint that the testator hired the farm "for the term of one year and an indefinite period thereafter," and that after his death, the defendants, as executors, took possession of and occupied the farm "as like tenants from year to year," &c. Now a tenancy from year to year, by its very terms, implies an annual letting. A tenant holding over is presumed, under certain circumstances, to have contracted for another year. But when executors hold over, the presumption cannot, surely, be that their testator has contracted for another year. It is that the executors have so contracted. The demise to the testator, according to the allegation in the complaint, could not have made his executors liable for rent beyond the fraction of the year, if there was any, remaining unexpired at the time of his death. It does not appear, from the complaint, that any such fraction remained, but the allegation that he died in April seems to show that there could have been none. But however that may have been, if, after the expiration of the then current year, the executors kept possession of the farm, it was on a new contract of their own, and not on any con-

tract of the testator; and they must be accountable for the subsequent rent personally, and not as executors.

I think it is plain that here has been a misjoinder of claims, and that the judgment at the special term should be reversed with costs, and judgment should be given for the defendants, on the demurrer, with leave to the plaintiff to amend on payment of costs.

[ALBANY GENERAL TERM, September 6, 1852. *Parker, Wright* and *Harris,* Justices.]