(20 Misc. Rep. 506.)

## McCUE v. FINCK.

(Supreme Court, Trial Term, New York County.   June, 1897.)

EXECUTOR—INDIVIDUAL LIABILITY.
　　When an executor, under the provisions of the will, continues to conduct the business of the testator, he is answerable individually, and not in his representative capacity, for torts committed in connection with such business.

Action by John McCue against Elizabeth Finck as executrix, and August Finck as executor and individually, to recover damages for negligence of defendants' servants.   Amendment of complaint allowed.

E. M. Welch, for plaintiff.
A. P. Fitch, for defendants.

McADAM, J.   The action is against the executrix and executor of the estate of Andrew Finck, in their representative capacity and as individuals, to charge the estate and the defendants personally with the result of an accident alleged to have occurred by reason of the negligence of the defendants' servant, whereby the plaintiff, a police officer, was run down and injured by a brewery truck driven by said employé.   The ground upon which the plaintiff seeks to charge the defendants in their representative capacity is that the testator by his will directed that his business be conducted after his death by August Finck, one of the defendants.   Notwithstanding this provision of the will, August Finck, if answerable for the tort complained of, became liable individually, and not in his representative character.   7 Am. & Eng. Enc. Law, 342, 344; Donohue v. Kendall, 50 N. Y. Super. Ct. 386, affirmed 98 N. Y. 635; Willis v. Sharp, 113 N. Y., at page 591, 21 N. E. 705; Kenyon v. Olney. (Sup.) 15 N. Y. Supp. 416; In re Rumsey's Will (Sup.) 18 N. Y. Supp. 402; Railroad Co. v. Gilbert, 44 Hun, 201; Wakeman v. Hazelton, 3 Barb. Ch. 148; People v. Townsend, 3 Hill, 479.   The liability is not founded on any act of the testator, but on the contractual relation of master and servant which existed between August Finck, as master, on the one hand, and the driver, as servant, on the other.   1 Shear. & R. Neg. (4th Ed.) § 141; 8 Wait, Act. & Def. 27, 399; 1 Wait, Act. & Def. 287.   The executrix died after suit brought, and if any cause of action existed against her it abated on her death.   The complaint contains no cause of action against the estate of the testator, and, even if it did, its union with a

demand for the same relief against the defendants individually would make it bad for duplicity. Dicey, Parties (2d Am. Ed.) marg. p. 322; Pugsley v. Aikin, 14 Barb. 114. The case does not fall within the special provisions of section 1815 of the Code of Civil Procedure, because the facts alleged do not show a liability in a representative capacity, nor make it uncertain whether it so existed or was against the representatives individually. On the contrary, it clearly appears that whatever liability existed is against August Finck individually, and not otherwise. An executor may, by his act or neglect, create in favor of another an obligation against himself; but he cannot, as a rule, create a liability against the estate he represents. He is not an agent, for death terminates agency. And it is a self-evident proposition that a dead man can neither create obligations nor authorize others to create them for him. Liquidation and winding up of earthly affairs begin at death. Obligations created thereafter are acts of the living, for which they become responsible, in the expectation, perhaps, of reimbursement, which may or may not follow, according to circumstances. There can be no misunderstanding as to the present form of the action. It is against the defendants, both as executors and individually. It is not, therefore, a case wherein the designation "executors," etc., is merely descriptio personæ (Donohue v. Kendall, supra), but one in which a recovery is sought against the defendants in their representative and individual capacities, upon the mistaken notion that the estate and its representatives are joint tort feasors. The objection taken to the form of the complaint requires that it should be amended by continuing the action against August Finck individually, with appropriate allegations to charge him in some legal form with the negligence complained of; the amended pleading to be served within 20 days, and the answer to be served within 20 days thereafter, and the amendment to be without prejudice to the proceedings already had, so as not to unreasonably delay the trial. Settle order on notice.