James Ennis, Respondent, v. Theodore W. Myers, Appellant, Impleaded with William O'Connell.

*Nuisance* — *a complaint alleging that the defendants had caused to be made and had maintained an opening in a sidewalk, does not show an unlawful act.*

In an action brought to recover for injuries sustained by the plaintiff in falling into an opening some six feet in length and five feet in width, encroaching upon the sidewalk about one foot, in front of premises owned by one of the defendants and occupied by the other defendant as a tenant (the latter not having been served with the summons), by reason of one of the iron doors covering such hole being open at the time of the accident, the complaint, as amended, alleged " That immediately in front of the said side door, in the public sidewalk, the said defendants had caused to be made and had maintained a large aperture, into which, without fault on his part, this plaintiff fell, striking his arm and side and severely injuring him internally and externally, and so laming him that he has ever since been and for a long time to come will be unable to do any work or earn any wages * * * all of which is due solely to the fault of the defendants."

*Held,* that, in the absence of any allegation in the complaint of the commission of an unlawful act by the defendant owner, the mere statement, that the defendants "had caused to be made and had maintained" an opening in the public sidewalk, was not in and of itself a statement of a wrongful act, and that the complaint did not state a cause of action.

Appeal by the defendant, Theodore W. Myers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of November, 1897, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 22d day of November, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Benjamin N. Cardozo* for the appellant.

*John W. Hutchinson, Jr.,* for the respondent.

McLaughlin, J. :

The defendant Myers was the owner of a building situated upon a public street in the city of New York. On the first floor of the building the defendant O'Connell, a tenant, had a liquor saloon, and he also used, in connection with that, the basement. For the pur-

pose of lowering casks, barrels, etc., to the basement an opening had been made some six feet in length and five feet in width, immediately in front of and adjoining the building. This opening extended onto the sidewalk about one foot. It was covered with iron doors which folded " back in folds."

The plaintiff came out of O'Connell's saloon and started to walk easterly, when he fell into the opening, the doors of which had been left open, and was injured; and he brought this action against Myers and O'Connell to recover the damages alleged to have been sustained by reason thereof. O'Connell, however, was not served with the summons, he did not appear in the action, and the trial proceeded against Myers alone.

The material allegations of the original complaint were as follows: " That immediately in front of the said side door, in the public sidewalk, the said defendants had negligently caused to be made and had *negligently* maintained a large aperture into which, without fault on his part, this plaintiff fell, striking his arm and side and severely injuring him internally and externally, and so laming him that he has ever since been and for a long time to come will be unable to do any work or earn any wages, and that he suffered and still suffers and will continue to suffer great pain and anguish, both of body and mind, from the said injury, and that he necessarily expended, and will continue to expend, sums of money in attempting to cure the said injuries and reducing the pains caused thereby; all of which is due solely to the fault of the defendants."

At the close of the plaintiff's testimony the defendant moved to dismiss the complaint on the ground that plaintiff had failed to prove any negligence on the part of the defendant Myers. The court thereupon suggested that the plaintiff amend his complaint " in order to make this clearly an action for a nuisance." Acting upon this suggestion the plaintiff asked leave to amend his complaint by striking out the word " negligently." This request was granted, the court directing that the word " negligently " be stricken out " wherever it occurs in the second paragraph of the complaint."

The trial then proceeded, and at the close thereof the defendant moved to dismiss the complaint as amended upon the ground that it did not state a cause of action. This motion was denied and the case sent to the jury. The plaintiff had a verdict, and from the

judgment entered thereon and the order denying a motion for a new trial the defendant has appealed.

It is strenuously urged by appellant's counsel that the court erred in permitting the plaintiff to amend his complaint in the manner above referred to, but in the view entertained by us it is unnecessary to pass upon this question. It is sufficient for our purpose to consider whether or not the complaint as amended stated a cause of action against the defendant Myers. If it did not, then the exception taken by the defendant to the refusal of the court to dismiss upon that ground was well taken.

Did this complaint state a cause of action for a nuisance? We think not. It will be observed that there is no allegation in it of an unlawful act. The only fact pleaded which could possibly be construed as in any way looking in that direction is that defendant " had caused to be made and maintained " an opening in the public sidewalk. This, in and of itself, is not the statement of a wrongful act. (*Jorgensen* v. *Squires*, 144 N. Y. 280.) The opening referred to, so far as appears from the complaint, may have been constructed under and in pursuance of legal authority. It might have been not only so made, but also so guarded, as to fully comply with all the requirements of law relating thereto. If so, no one would contend that its construction was a nuisance, or that its maintenance was such an act as would enable one, without showing negligence or want of care, to maintain an action to recover damages for an injury sustained by reason of it. It may not have interfered with the lawful use of the sidewalk by the public, and there is nothing in the complaint which in any way negatives the assumption that it, in every respect, was a proper and legal structure.

In the *Jorgensen* case, above referred to, the Court of Appeals held " that the city authorities had power to permit the construction of cellar ways extending into the sidewalk under such reasonable regulations as they might prescribe." It also held that " the broad powers for purposes of municipal government possessed by the common council of the city of New York, derived from its ancient charters and modified and enlarged by subsequent statutes, include, to the fullest extent consistent with constitutional limitations, the power to control and regulate the public streets."

In the absence, therefore,.of an allegation to the effect that an

opening was wrongfully or unlawfully made or maintained, or of a statement of facts from which such wrongful or unlawful construction or maintenance could be inferred, a complaint would not state a cause of action for a nuisance. The complaint under consideration contains no such allegation, and there is no fact stated from which the same can be fairly inferred or implied. It follows, therefore, that the complaint as amended did not state a cause of action; and that the defendants' motion to dismiss on that ground should have been granted.

For the error thus committed the judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

Van Brunt, P. J., O'Brien and Ingraham, JJ., concurred; Patterson, J., concurred in result.

Judgment reversed and new trial granted, with costs to appellant to abide event.