## BLUM v. DABRITZ.

(City Court of New York, Special Term. October, 1902.)

1. ACTION AGAINST EXECUTRIX—DEMURRER—PLEADING.

Where a demurrer to a complaint in an action against an executrix named Clara B. employs the name Clara as the Christian name of the testator, it may be amended by inserting the proper Christian name of testator.

2. SAME—LIABILITY FOR TORTS.

The estate of a decedent is not liable for the tort of the executor in his representative capacity.

·3. SAME—STATUTES.

Code Civ. Proc. § 1815, provides that an action may be brought against an executor personally or in his representative capacity where the complaint states a cause of action against him in both capacities; or states facts which render it uncertain in which capacity the cause of action exists. Plaintiff sued an executrix, personally and as executrix, for damages on a covenant for quiet enjoyment in a lease to plaintiff from the testator, broken by proceedings for dispossession by the executrix. *Held*, that the case was not within the statute; the facts alleged not showing a liability in a representative capacity, nor making it uncertain whether it so existed, or was against the defendant personally.

Action by Benjamin Blum against Clara Dabritz personally and ·as executrix of Edward Debritz, deceased. Demurrer to complaint ·sustained.

Blandy, Mooney & Shipman, for plaintiff.

Christian G. Moritz, for defendant.

O'DWYER, J. The action is brought against the defendant, in- ·dividually and as executrix of the last will and testament of Edward Dabritz, deceased, for damages upon the covenant of quiet enjoyment contained in a lease to plaintiff from Edward Dabritz, which ·covenant, it is alleged, was broken by defendant's unlawfully instituting dispossess proceedings as executrix of Edward Dabritz, and ·ousting plaintiff from the premises. The defendant, as executrix, etc., demurs to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action to charge the defendant as executrix of the last will and testament of Clara Dabritz, deceased. The use of the name Clara is clearly a clerical mistake, and the demurrer may be amended by inserting the name Edward in place thereof as the name of the decedent.

It is well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, do not bind the estate. Austin v. Munroe, 47 N. Y. 366. An executor has no principal behind him for whom he can contract as agent. Ferrin v. Myrick, 41 N. Y. 319. If an executor may not bind the estate by an executory contract made for the benefit thereof, it certainly follows that the estate cannot be held liable for the tort of the executor in his representative capacity. It has been so decided. McCue v. Finck (Sup.) 46 N. Y. Supp. 242; Watson v. Moriarty (Sup.) 59 N. Y. Supp. 73. The case does not fall within section 1815 of the Code of Civil Procedure, because the facts alleged do not show a liability in a representative capacity, nor make it uncertain whether it so existed, or was against the representative individually. It clearly appears that, if any liability exists, it is against Clara Dabritz individually, and not otherwise.

Demurrer sustained, with $20 costs to defendant, and with leave to plaintiff to amend within six days upon payment of costs. Settle decision and order on two days' notice.

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 483.