## BLUM v. DABRITZ.

### (Supreme Court, Appellate Term. January, 1903.)

1. EXECUTOR—EVICTION OF TESTATOR'S TENANT—TORT—LIABILITY OF ESTATE.
   Code Civ. Proc. § 1815, provides that an action may be brought against an executor personally and in his representative capacity where the complaint sets forth a cause of action against him in both capacities. A complaint alleged that plaintiff was a tenant of testator under a lease;

that before its expiration the executor, claiming to act as such, illegally dispossessed plaintiff by summary proceedings; and that restitution had been refused because the executor had leased the premises to another person. The executor's representative capacity was alleged, and that, as residuary devisee, he took the premises in question. *Held,* that a demurrer by the executor in his representative capacity was properly sustained, as the complaint merely alleged a tort of the executor, for which the estate was not liable.

Appeal from City Court of New York, Special Term.

Action by Benjamin Blum against Clara Dabritz, as executor of the last will and testament of Edward Dabritz, deceased. From an interloctuory judgment (78 N. Y. Supp. 207) sustaining a demurrer to the complaint, interposed by the defendant as executrix, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Blandy, Mooney & Shipman (Andrew J. Shipman, of counsel), for appellant.

Christian G. Moritz, for respondent.

FREEDMAN, P. J. The complaint shows that the plaintiff, after having occupied for a number of years certain premises under a lease made to him by Edward Dabritz, the testator of defendant, which lease contained a covenant of quiet enjoyment, was, before the expiration of said lease, wrongfully and illegally dispossessed and ejected from the demised premises by the defendant, claiming to act as executrix of the testator; that the defendant accomplished this result by means of summary proceedings instituted by her as landlord against the plaintiff as tenant, and one alleged undertenant; that said proceedings were wholly void; that he, plaintiff, had no notice or service in said proceedings; that the final order and warrant of removal were granted against him by default; that on his appeal said final order was reversed and a new trial ordered; that upon such new trial a final order was again granted against him; that on his appeal the last-mentioned final order was reversed, and the summary proceedings and defendant's petition were dismissed, with costs; that restitution was denied to plaintiff on the ground that the defendant, immediately after plaintiff's removal, had leased said premises to another tenant for the remainder of the term; and that, by reason of said wrongful and unlawful acts, the plaintiff sustained certain specified damages. The complaint further alleges the death of Edward Dabritz, leaving a last will and testament; the probate of said will; the appointment of the defendant as executrix thereof; and also that by said will the defendant was made the sole residuary legatee and devisee, including the premises in question. Upon these allegations the plaintiff's complaint proceeds against the defendant individually and as executrix, and the defendant answered individually, but demurred as executrix, upon the ground that the complaint does not state facts sufficient to constitute a cause of action against her as executrix. The demurrer was sustained by the City Court, and judgment entered thereon, and the plaintiff appealed to this court.

The action is not one for a breach by the defendant as executrix of the covenant of peaceable and quiet possession; nor does the complaint show that the summary proceedings were instituted by the defendant as executrix because of a violation by the plaintiff of some of the terms or conditions of the lease.   The complaint is for a naked tort, viz., for a wrongful and illegal eviction under color of proceedings wholly void, and without notice to plaintiff.   It is, therefore, for a tort for which the estate of Edward Dabritz is not liable.   The rule is well settled that for a tort committed by an executor he is liable individually, and not in his representative capacity.   Watson v. Moriarty (Sup.) 59 N. Y. Supp. 73; 11 Am. & Eng. Encyc. of Law (2d Ed.) 942. And this is so where a tort is committed by an executor in the continuation of the conduct of the business of the testator under the provisions of the will.   McCue v. Finck, 20 Misc. Rep. 506, 46 N. Y. Supp. 242.   Even the contracts of a business, carried on by an executor under the authority of the will, are his individual contracts.   Willis v. Sharp, 113 N. Y. 591, 21 N. E. 705, 4 L. R. A. 493, 11 Am. & Eng. Encyc. of Law (2d Ed.) 974.   The case, therefore, does not fall within the special provisions of section 1815 of the Code of Civil Procedure, because the facts alleged do not show a liability in a representative capacity, nor make it uncertain whether it .so exists or is against the executrix individually.   On the contrary, it clearly appears that whatever liability does exist is against the defendant individually. The words "individually and as executrix" cannot be treated as surplusage, for the reason that the body of the complaint and the brief of plaintiff's counsel upon this appeal both show that the pleader intended to hold the defendant liable in both capacities.   The judgment should be affirmed, with costs.

Judgment affirmed, with costs.   All concur.