(40 Misc. Rep. 197.)

### MONIOT v. JACKSON et al.

(Supreme Court, Appellate Term. March, 1903.)

1. TRUSTEES—NEGLIGENCE—LIABILITIES.

Where trustees of an express trust are charged with the duty of keeping a building in repair, if they are liable at all for an injury resulting from a failure to do so it is as individuals.

2. PLEADING—AMENDMENT.

Where plaintiff sues executors and trustees for their negligence as trustees in not keeping a building in safe condition, inasmuch as an excavation in front of it was left unguarded, so that he fell therein, he should not be allowed to amend his complaint on the trial so as to charge a nuisance, and to recover therefor.

Appeal from City Court of New York, Trial Term.

Action by Edward J. Moniot against Henry H. Jackson and others. Judgment for plaintiff, and from the judgment, and an order refusing a new trial, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GIL-DERSLEEVE, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellants.

Joseph I. Green, for respondent.

GIEGERICH, J. This action was brought to recover damages for personal injuries. The complaint alleges that the appellants were

¶ 2. See Pleading, vol. 39, Cent. Dig. § 664.

executors and trustees under the last will and testament of Peter A. H. Jackson, deceased, and, as such executors and trustees, "were entitled to the possession of, and managed, directed, and controlled, the premises known as No. 135 East Thirty-First street, borough of Manhattan, New York City," and further alleged that the individual defendants were the beneficiaries and cestuis que trustent of the trusts established by said last will and testament; that Lexington avenue and East Thirty-First street, in the borough of Manhattan and city of New York, were at all the times mentioned, and still are, public highways; "that the defendants failed and neglected to keep and maintain in proper and suitable condition and repair for the safe passage of pedestrians the sidewalks and gratings in front of said premises, * * * and that on or about the 3d day of June, 1900, the said gratings and sidewalk were in an unsafe and dangerous condition, and of which defendants had due notice; that, while the plaintiff was lawfully upon the sidewalk and stepping upon the said gratings in front of said premises, he was violently thrown into an excavation which was covered by the said grating, and seriously injured," etc.; and also "that the said injuries were caused and brought about solely through the negligent, careless, wrongful, and unlawful conduct on the part of the defendants, their agents and servants, and without any fault, want of care, or due diligence on the part of the plaintiff."

The appellants (the executors) interposed an answer consisting of denials of the allegations of the complaint, and the individual defendants interposed another answer by another attorney. At the end of the plaintiff's case, the court, on motion of the individual defendants, dismissed the complaint as to them, and all of them. The jury rendered a verdict in favor of the plaintiff and against the appellants for the sum of $250.

At the opening of the case the appellants' attorneys moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and also on the ground that the cause of action alleged against them in their representative capacity is for negligence, and for such negligence they were not liable, both of which were denied, and the defendant appellants excepted. These motions were renewed at the close of the case, and again denied, and the defendant appellants excepted, and also on the further ground that there was no testimony showing any notice that the condition as testified to by plaintiff's witnesses had existed for any period of time prior to plaintiff's stepping upon the place; that the grating was not upon the sidewalk, but within the stoop line; and that there was no proof to sustain an action for negligence, which was the cause of action stated in the complaint, which was denied, and to this denial exception was taken.

The plaintiff's counsel, at the conclusion of the case, asked to be allowed to conform the pleadings to the proof in regard to the question of nuisance, and to amend the complaint in that respect, which was granted, and to which the defendant appellants duly excepted.

Under such circumstances, we think no recovery against the appellants in their representative capacity can be maintained. Trustees

81 N.Y.S.—44

of an express trust in real estate, where the will creating the trust imposes upon them the duty of keeping the premises in repair, are, by virtue of the legal title which is vested in them, liable, if at all, only personally, and not in their representative capacity, for a failure to keep the premises in repair. They are not even liable in their representative capacity for their contracts, except in two instances, where they are held liable in equity, but not at law; the first of these being where they have no funds in their hands, and they contract with some person to furnish materials or do work upon the trust estate, and the work or materials furnished is for the benefit of that estate, and they contract with such person so furnishing such work and materials not to become personally liable, but that such person may have a lien upon such trust estate for the value of such work or material, where such lien may be enforced, with the trustees and all their cestuis que trustent before the court, against the real property; and the other instance is, where the trustees themselves are insolvent, such lien may be enforced likewise against the trust property by a person so furnishing such materials or labor. In no instance have executors or trustees been held liable in their representative capacity for their torts. Blum v. Dabritz (Sup.) 81 N. Y. Supp. 315; Keating v. Stevenson, 21 App. Div. 604, 47 N. Y. Supp. 847; McCue v. Finck, 20 Misc. Rep. 506, 46 N. Y. Supp. 242; Mulrein v. Smillie, 25 App. Div. 135, 48 N. Y. Supp. 994; New v. Nicoll, 73 N. Y. 127, 29 Am. Rep. 111; Rogers v. Wendell, 54 Hun, 542, 547, 7 N. Y. Supp. 781, 8 N. Y. Supp. 515; O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. In the latter case the defendant appellants were the same that are now before the court, and the same will was in question.

Again, we are clearly of the opinion that no recovery should have been permitted for the nuisance, as was allowed in the court below, on a complaint charging negligence; and this is the only cause of action therein set forth. Ennis v. Myers, 29 App. Div. 382, 51 N. Y. Supp. 550; Cottrell v. Dimick, 1 N. Y. St. Rep. 304; Fisher v. Rankin (Sup.) 7 N. Y. Supp. 837; Maltbie v. Bolting, 6 Misc. Rep. 345, 26 N. Y. Supp. 903; Jorgensen v. Minister, 7 Misc. Rep. 3, 27 N. Y. Supp. 318.

We also think the court below erred in granting the amendment to the complaint asked for after the testimony was all in. Under such circumstances, the court had no power to amend the complaint, for it clearly changed the action from one cause to another, and the exception taken to this amendment was well taken. Fisher v. Rankin (Sup.) 7 N. Y. Supp. 837; Keating v. Stevenson, supra; Davis v. N. Y., L. E. & W. R. Co., 110 N. Y. 646, 17 N. E. 733. This being our view of the law, it was clearly error to exclude the testimony offered by the defendants on the question of negligence. The judgment should therefore be reversed and a new trial ordered, with costs to the appellants.

Judgment reversed and a new trial ordered, with costs to appellants to abide event. All concur.