Edith Monblatt, Appellee, v. Ann Elizabeth Young
et al., Defendants.  First Trust & Savings Bank
et al., Appellants.

### Gen. No. 21,395.

1. NEGLIGENCE—*when representative not liable as such for tort.*
In an action for personal injuries alleged to have been caused by
negligence, one impleaded as trustee and as executor of a last will
and testament is not liable for the tort in such representative
capacities.

2. APPEAL AND ERROR, § 1772*—*when questions by counsel show-
ing that defendant in personal injury case is insured ground for
reversal.*  In an action to recover for personal injuries alleged to
have been caused by defendant's negligence where plaintiff's counsel
over defendant's objection, propound to a witness questions calcu-
lated and intended to inform the jury that defendant was insured,
against liability in the action, such questions not being justified by
the conduct of defendant's counsel, a judgment for plaintiff will be
reversed where it was not small and the case was a close one on
the facts.

Appeal from the Circuit Court of Cook County; the Hon. CHARLES
H. BOWLES, Judge, presiding.  Heard in the Branch Appellate Court
at the March term, 1915.  Reversed and remanded.  Opinion filed
April 28, 1916.  Rehearing denied May 11, 1916.

ZIMMERMAN & GARRETT, for appellants.

JAMES L. BYNUM, for appellee; BERNHARDT FRANK,
of counsel.

MR. JUSTICE BARNES delivered the opinion of the
court.

Appellee brought suit to recover damages for per-
sonal injuries alleged to have resulted from negligent
operation of an elevator car and the negligent construc-
tion of it and of the shaft in which it ran, said car
being in a building alleged to be in and under the pos-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

session, control and management of the defendants. The First Trust & Savings Bank was impleaded as defendant in three different capacities, namely, as an individual and both as trustee and executor of the last will and testament of Otto Young, deceased. A plea of the general issue and a special plea denying operation, possession and control, etc., were filed in behalf of all defendants, and at the close of the evidence there was a directed verdict as to all of them except the bank in its several capacities. No subsequent reference is made in the record to the bank in its capacity as executor, but motions for an instructed verdict for it in each of its other capacities were made and overruled, and the jury returned a verdict of guilty and assessed damages of $5,000 against the bank individually and as trustee. From the judgment entered on the verdict the bank in both capacities has appealed.

It is urged that the bank was not liable for the alleged tort in its representative capacity. The same point was made on demurrer in *Parmenter v. Barstow*, 22 R. I. 245, 63 L. R. A. 227, and upheld, the court in harmony with other decisions on the subject holding that an action in tort must be against a party personally, but such decisions intimate that there may be reimbursement from the estate or trust fund under proper circumstances. (*Deschler v. Franklin*, 20 Ohio C. C. 56; *McCue v. Finck*, 20 Misc. (N. Y.) 506, 46 N. Y. Supp. 242; *Ballou v. Farnum*, 9 Allen (Mass.) 47.) Because of the rule of personal liability the description of the defendant as trustee has in such cases been deemed merely *descriptio personae* and treated as surplusage. (*Odd Fellows' Hall Ass'n v. McAllister*, 153 Mass. 292, 297; *Shepard v. Creamer*, 160 Mass. 496; *Donohue v. Kendall*, 50 N. Y. Super. Ct. 386.) The difficulty, however, of applying that doctrine here is that, as in the *McCue* case, *supra*, recovery was sought on the mistaken notion that defendant was a joint tort

feasor with itself in its representative capacity. In the *McCue* case, *supra*, the difficulty was remedied by amendment of the pleading, but here judgment was entered upon the erroneous verdict. While possibly the error might be regarded as one of mere form,—the bank being but a single entity in whatever capacity it acted and not being precluded by the judgment against it from seeking indemnity from liability thereon,—and might therefore be cured by the statute of amendments and jeofails, still we need not decide the question for the judgment must be reversed on another ground and the case remanded for a new trial when a similar error may be obviated.

The record discloses that plaintiff's counsel, on re-direct examination of plaintiff's attending physician, brought out from him the fact that three or four days before the trial he was called to the office of the London Guarantee and Accident Company and that he there discussed the case with two persons, one of whom was attending the trial and was pointed out as sitting at the table (as we infer) with defendants' attorney. The jury needed no more direct intimation that the casualty company had insured against liability in the suit on trial and that therefore it was the party interested in defending it. And that it was the purpose of the questions by which such facts were elicited to convey such information to the jury cannot upon inspection of the record be doubted. The claim that defendants' counsel had opened the door to such questions is not justified by the record. The absence of any legal ground therefor and the persistence in that line of examination against defendants' objections and the open charge that it was for an improper purpose, indicate a deliberate intention to bring the matter before the jury and risk the consequences.

We think that our Supreme Court has plainly indicated that where the purpose to bring out such irrel-

evant and prejudicial matter before the jury is evident and it is impossible to tell its effect upon the jury, the judgment will be reversed. (*McCarthy v. Spring Valley Coal Co.*, 232 Ill. 473; *Mithen v. Jeffery*, 259 Ill. 372; *Aetitus v. Spring Valley Coal Co.*, 246 Ill. 32; *Eldorado Coal & Coke Co. v. Swan*, 227 Ill. 586.) In the *McCarthy* case, *supra*, plaintiff's counsel alluded in a question ("inadvertently," he claimed) to defendant's counsel as "attorney of the Aetna Insurance Co.," and withdrew the question on objection thereto. It was one of the matters for which the case was reversed. In the *Mithen* and *Aetitus* cases, *supra*, similar facts were revealed in the examination of jurors on their *voir dire* which was condemned as improper where the purpose of it was to inform the jury that that defendant was insured. While in the former case the court did not decide whether it would reverse on that error alone, there being other reversible errors in the case, yet in the latter it said it would not hesitate to reverse under authority of the *McCarthy* case, *supra*, where the verdict was large and it was not apparent that the examination of the juror was for the purpose of exercising the right to a peremptory challenge. In the *Swan* case, *supra*, the trial court ruled against questions implying that defendant was insured and the verdict was small and the case reasonably clear on the facts. But in the opinion it is said:

"If the amount of the verdict were such as to raise a suspicion in our minds that the jury had been influenced by this misconduct, or if the case were a close one on the facts, we would not hesitate to reverse the judgment for this reason alone."

As the verdict in the case before us was by no means small and the case might well be deemed a close one on the facts, and as the questions eliciting the improper matter were put with the manifest purpose of getting it before the jury and received the sanction of the courts rulings, we think the matter thus brought out

under such circumstances was calculated to be highly prejudicial. As stated in the *McCarthy* case, *supra,* we cannot tell the effect it may have had. Hence, as we construe the decisions on this subject above cited, we feel constrained to reverse the judgment and remand the cause.

*Reversed and remanded.*