# Richmond.

## BELVIN'S EX'ORS v. FRENCH.

### NOVEMBER 17th, 1887.

PRACTICE AT COMMON LAW—*Executors—Declaration—Demurrer—Case at bar.*—
Testator devised hotel in R. to defendants as his executors to keep same
in repair, &c. As such they managed the hotel and kept and settled
their accounts. Between the curbing and the entrance to hotel is a cellar
hole, part of the premises, covered by an area-light. Said area-light
gave way under plaintiff, who fell into the cellar beneath and sustained
injury. To recover damages therefor, he sued defendants, describing
them in his declaration as executors, &c., and alleged that they being
possessed of said premises, did negligently permit said cellar hole to be
and continue defectively covered, by reason whereof plaintiff was
injured as aforesaid. Defendants demurred:

HELD:

   1. Though sued as executors, yet this is merely a *descriptio personæ* and
      surplusage, as no cause of action is set forth for which, under any
      circumstances, they could be held responsible as executors.

   2. Though charged as executors, the judgment should be *de bonis pro-*
      *priis.*

Error to judgment of circuit court of city of Richmond,
rendered April 14th, 1886, in an action of trespass on the case
wherein Frank A. French was plaintiff, and Charles E. Belvin
and Margaret A. Belvin, executor and executrix of John A.
Belvin, deceased, were defendants. The latter demurred to
the declaration. The demurrer was overruled. At the trial
there was a verdict for the plaintiff for $1,500 damages, and
the court entered judgment accordingly, to be collected *de bonis
propriis.* To this judgment the defendants obtained a writ of
error and *supersedeas.* Opinion states the case.

VOL. LXXXIV—11

*Atkinson & Davies* and *Jos. Christian*, for the plaintiffs in error.

*Meredith & Cocke* and *W. M. Turpin*, for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The plaintiffs in error, who were the defendants below, are the executor and executrix, respectively, of John A. Belvin, deceased, who died testate, seized and possessed of valuable real estate in the city of Richmond, Virginia. By the fifth clause of the testator's will he provided as follows: "I devise to my executors, their heirs and assigns, all of my improved real estate, * * * upon trust, that they shall hold said real estate, keep it in good repair, pay the taxes and insurances thereon, and collect the rents therefrom." Among other parcels of real estate of which the testator died seized and possessed, is the property known as the "St. James Hotel," fronting on Twelfth street in the city of Richmond, of which the executors took charge upon their qualification, and were managing and controlling the same when the injuries which are the subject of this suit were received. Between the curbing of said street and the entrance to the hotel is a cellar-hole, a part of the hotel premises, covered over by what is called an "area-light," composed of glass and iron. The plaintiff was an expressman, and on the day mentioned in the declaration, while he was carrying a trunk from the sidewalk into the hotel, the said area-light gave way under him, by reason whereof he fell into the cellar beneath and sustained serious injuries. He thereupon instituted the present action of trespass on the case against the executors to recover damages for the injuries received. The declaration "complains of Charles E. Belvin and Margaret A. Belvin, executors under the last will and testament of Jno. A. Belvin," and alleges that the defendants,

being seized and possessed of the above-mentioned premises, did "negligently permit the said cellar-hole to be and continue insufficiently and defectively covered," by reason of which the plaintiff was injured as aforesaid. The defendants demurred to the declaration, but the court overruled the demurrer; and at the trial, after hearing all the evidence, the jury returned a verdict for the plaintiff, and assessed his damages at $1,500, upon which the court entered judgment *de bonis propriis;* whereupon, the defendants obtained a writ of error and *supersedeas* from one of the judges of this court.

The first assignment of error is that the circuit court erred in overruling the demurrer to the declaration. The ground upon which this contention is based is that the action is in form *ex delicto*, and is against the defendants *as executors*, and is therefore not maintainable. The general principle, undoubtedly, is that, unless authorized by statute, a personal representative cannot be sued as such, for his own tort. But this principle does not apply to the case in hand; for here the action is not against the defendants in their representative capacity, but is against them personally. It is true, they are described as executors, but this is merely *descriptio personæ*, and may be stricken out as surplusage, inasmuch as no cause of action is set forth in the declaration for which, under any circumstances, they can be held responsible as executors. Besides, there is no well-founded objection to the declaration as it is, for by describing the defendants as executors, it merely sets forth their relation to, and consequent duties respecting, the property mentioned therein, and then it further alleges that for their failure to perform those duties, namely, in negligently permitting the area-light to be and continue in an unsafe condition, they are answerable personally to the plaintiff in this action; at least, such is the substance and effect of the allegations in the declaration.

In *Fitzhugh* v. *Fitzhugh*, 11 Gratt., 300, which was an action against an executor, the declaration contained three counts,

two of which were on promises for which the executor was responsible personally, but on the third was not; and on that ground the judgment of the circuit court overruling the demurrer to the declaration was reversed. Judge Daniel, in delivering the opinion of the court, said: "The promises set forth in the first two counts can create no liability on the executor as such, and charge him only personally. If the third count was of the same kind, the judgment overruling the demurrer might most probably be sustained; for in the case of *Corner* v. *Chew*, 3 Mees. & W., 350, it is stated as law that, if the defendant could not, under any circumstances, be liable to the charges made against him *as executor*, those words in the declaration might be struck out as surplusage, which, however, could not be done in a case in which a defendant could not on any supposition be liable in that character on the contract or demand declared on." And in 2 Williams, Ex'rs, 1096, it is said that when the nature of the debt is such as necessarily to make the defendant liable personally, the judgment will be *de bonis propriis*, although he be charged as executor. In the case of *Sims* v. *Stillwell*, 3 How. (Miss.), 176, the rule is stated in very much the same terms; and in 2 Williams, Ex'rs, 1099, it is said that where the executor is personally liable, the naming him executor may be regarded as surplusage.

These views, in the main, dispose of the second assignment of error also, which is that the circuit court erred in entering a judgment *de bonis propriis*. The evidence shows that at the time the plaintiff was injured, and for some time prior thereto, the defendants, as executors, were seized of and were controlling the property of which the area-light in question was part. It also shows that the injuries complained of were caused by the giving way of the area-light, which was in an insecure condition. It was the duty of the defendant to keep the area-light in a safe and secure condition, and this duty, without any sufficient excuse, they failed to perform. The jury also found that the negligence of the defendants was the proximate cause of

the plaintiff's injuries which undoubtedly renders them personally responsible. And why, we ask, should they not be liable for their own neglect of a plain official duty? Grant, as we do, that the principle invoked in their behalf is a correct one, namely, that fiduciaries ought not to be dealt by with such harshness as to deter a prudent man from accepting the trust, yet, on the other hand, it is equally true that a fiduciary ought not to be permitted to manage the trust-estate in his hands in such a manner as to injure others with impunity, so far as any personal liability on his part is concerned, and to hold that the defendants are not personally liable in the present case, would be as inconsistent with natural justice as with the well-settled principles of the common law.

It is needless, therefore, to inquire what would have been the plaintiff's remedy if the injury had occurred between the date of the testator's death and the qualification of the defendants as his executors, for no such question arises in the case. The rule applicable here is accurately stated by a learned writer as follows: "An executor or administrator cannot be sued in his representative character for his own wrongful act committed, so as to inflict personal injury upon another while administering the estate; for if liable at all, the act is outside the scope of his official authority, and he must be sued and held responsible as an individual." Schouler, Ex'rs, § 385. And the rule applies as well where injuries are caused by the negligence of an executor as by his own intentional wrong. *Packing Co.* v. *Stevens*, 12 Fed. Rep., 279.

It is contended, however, that, in respect of the real estate, the defendants are not executors, but *trustees*, and therefore do not hold the property as set forth in the declaration. The property, as we have seen, was devised to the defendants as executors, in trust for the purposes mentioned in the will; and settled no other accounts concerning it than as executors. Their failure to keep it in a safe condition was therefore a breach of their duty as executors, so that the proofs correspond with the allegations in the declaration.

In *Treadwell* v. *Cordis*, 5 Gray, 341, Chief Justice Shaw, in delivering the opinion of the court, said: " A testator may give special directions in his will in regard to investing and holding property and executing trust respecting it, and such directions are binding upon executors, and constitute a part of their official duty, so that, having given bond with sureties to administer the estate according to the will, a failure to perform them is a breach of official duty, for which the sureties are liable.    Such directions constitute duties incumbent on an executor, superadded to the ordinary duties of the office of an executor."    See also *Swoope* v. *Chambers*, 2 Gratt., 319.    These principles have been recognized in numerous cases.    It is moreover settled law, that where injuries are caused by the defective and insecure condition of property, such as is complained of in the present case, the liability of the owner is not affected by the mere fact that the property is occupied by a tenant, if the wrong causing the damage arises from the nonfeasance or misfeasance of the former.    *Todd* v. *Flight*, 9 C. B., (N. S.) 377.    See also *Owings* v. *Jones*, 9 Md., 108; *Swords* v. *Edgar*, 59 N. Y., 28; *House* v. *Metcalf*, 27 Conn., 631; *Packing Co.* v. *Stevens, supra.*

In view of the principles above stated, it becomes unnecessary to consider whether or not the city of Richmond is liable to the plaintiff, the defendant in error here, because of the defective condition of the sidewalk by reason of the insecure condition of the area-light, the fall of which caused the injuries complained of.    It is sufficient to say that the evidence establishes negligence on the part of the defendants, for the consequences of which the plaintiff is entitled to recover damages from them in this action.    We find no error in the judgment of the court below, and the same must be affirmed, with costs to the defendant in error.

JUDGMENT AFFIRMED.