CHARLOTTE ELLIS v. MOSES A. McNAUGHTON.

76 237<br>f158 ¹208

*Principal and agent—Negligence—Liability of agent—Misfeasance.*

1. An agent who has the *entire* control of the erection of a building for his principal is liable for injuries received by reason of his not replacing a portion of the sidewalk in front of the lot on which the building is being erected, which had been removed by an employé contrary to his orders, he having knowledge of such removal.

   So *held*, where a husband had the *sole* charge and control of the erection of a building upon a lot owned by his wife, as her agent, buying the materials and hiring the workmen, one of whom, contrary to his orders, removed a portion of the sidewalk in front of the lot, of which fact he was advised, but failed to replace it and make the walk fit and safe for travel.[1]

2. *Misfeasance* may involve to some extent the idea of *not* doing; as where an agent, while engaged in the performance of his undertaking, does *not* do something which it was his duty *to do* under the circumstances; as, for instance, when he fails to exercise that care which a due regard for the rights of others would require. This is *not* doing, but it is the *not doing* of that which is not imposed upon the agent merely by his relation to his principal, but of that which is imposed upon him by law as a responsible individual in common with all other members of society, and is the same *not doing* which constitutes negligence in any relation, and is actionable.

Error to Jackson. (Loveridge, J., presiding.) Argued June 26, 1889. Decided July 11, 1889.

---

[1] See *Slater v. Chapman*, 67 Mich. 523 (head-note 2), where it is held that the negligence of an employé having *such* control is in *law* the negligence of his employer, etc.

Negligence case. Defendant brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*James W. Blakely* (*Thomas A. Wilson*, of counsel), for appellant.

*W. H. Potts*, for plaintiff.

MORSE, J. The plaintiff was injured on the twentieth day of October, 1885, at the city of Jackson, at a point where the sidewalk had been removed on Main street, adjoining land then owned by the wife of defendant.

The defendant was engaged in the erection of a building at the corner of Park avenue and East Main street. He testifies that he was superintending the work for his wife, but it is clear from his own testimony that he had the whole charge and control of the building, and the lot upon which it was being erected. He bought the materials and hired the men, and had the whole oversight and direction of the building. As he says, he acted as the agent of his wife. Enough of the sidewalk was removed while the building was going on to permit teams to go in from the street to the lot. The wagons, in passing through, made ruts. The plaintiff fell into one of these ruts in the night-time

The sidewalk, as shown by the record, was first removed by John McNaughton, a grandson of the defendant, who was hauling brick for the building by the thousand. This was done against the protest of the defendant, and his direction that it should not be done. He testifies that he ordered it put down again, and he thinks it was done, and then taken up again. He says:

" There was a time that I knew the walk was up. I knew they drove in and out there some. There was no real necessity of its being taken up further than to go across. They could cross with a light wagon, without any trouble."

The walk was taken up sometime in the summer, and remained so until after the plaintiff was hurt, when the defendant ordered it put down again.

It was manifest from the whole evidence that although the defendant did not direct the taking up of the sidewalk, and would not in the first place consent to its being removed, still he knew it was removed, and permitted it to remain torn up, when he had the power and authority to replace it, or have it laid down again. It is equally clear that his wife had nothing to do with it in any shape, way, or manner.

The court instructed the jury as follows:

"Gentlemen, if you believe from the evidence that the defendant had charge of the work of putting in the foundation and erecting the building upon the lot in question, and had the care of the premises to which the sidewalk belonged. and that the planks of the sidewalk were removed, although by some persons other than the defendant, and without his direction, but were removed for the purpose of hauling material upon the lot for the construction of the building, and that the defendant had control of the sidewalk, and knew that the opening through it was used for hauling building material upon the lot, and that the sidewalk was in fact out of repair, and in a dangerous condition at the time the accident occurred, and if you further find that the defendant was guilty of negligence in permitting it to be and remain open and out of repair, and in a dangerous condition, and in consequence thereof the plaintiff was injured without fault on her part, then I instruct you that the defendant would be liable, although the title to the property was in his wife, and the defendant was acting for her in the erection of the building."

The jury found for the plaintiff, assessing her damages at $350.

There are but two assignments of error in this Court:

1. That the court erred in not directing the jury to find for the defendant.

2. That the court erred in the instruction given above.

The counsel for the defendant maintain that the defendant

was the agent of his wife, and, as such agent, was not liable for the injury to plaintiff.

That permitting the walk to remain as it was, after being torn up by an employé of his wife, his principal, was a non-feasance, and not a misfeasance; that for an omission of duty, or non-feasance, he is liable to no other person than his principal; that the authorities are uniform that, when an agent neglects to perform a duty which his principal owes to third persons, who are thereby injured, their remedy is against the principal, and not the agent.

We are satisfied that the instruction of the court was correct, and there was sufficient evidence to support the finding of the jury

The defendant had the entire control and management of the erection of the building and the premises, the same as if it had been his own; and the record fails to show that his wife had anything to do with it, except to consult with him as to the plan of the building. He testifies that all the work and materials were paid for with her money, but he did the hiring, buying, and paying. The wife did not exercise any control or management about the erection of the building in any way.

The negligence charged in the declaration was not alone the tearing up or removal of the walk, but also in allowing it to remain torn up and in a dangerous condition from April until the time of the injury.

Every day it was so permitted to remain, when the defendant had the entire control of it, and the authority without question to replace it, was a wrong and a misfeasance. It was his duty, knowing that the walk was removed, being present and having complete control of the work, to have it put down again, and made reasonably safe for travel.

Chief Justice Gray in *Osborne v. Morgan*, 130 Mass. 102, says:

" It is often said in the books that an agent is responsible to third persons for misfeasance only, and not for non-feasance. * * * But, if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts; and he cannot by abandoning its execution midway, and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not non-feasance, or doing nothing, but it is misfeasance,—doing improperly."

In the case before us the defendant had entered upon the work of erecting this building. One of the men whom he engaged to haul brick for the building took up this walk without his consent, and, for the purposes of this case let it be said, against his orders. But, knowing it to be taken up and dangerous, he leaves it in this dangerous condition from day to day, and permits the men in his employ and under his control to drive through it, making it still more dangerous. He was bound to use reasonable care in the erection of this building, so as not to cause injury to third persons. The using of this spot to drive teams through into the lot, with his knowledge and tacit permission, to say the least, as he could easily have forbidden it and replaced the walk, was in law his act, and he must be held responsible for the consequences of it.

To say that he only was guilty of a non-feasance—an omission of duty to his principal—does not cover the case. He not only omitted a duty he owed to the traveling public, but by his acts he increased the danger, and every day committed a wrong, and was guilty of a misfeasance, in keeping this walk torn up, and using it as a drive-way, in the execution of a particular work which he had entered upon, and of which he had complete superintendence and control.

Irrespective of his relation to his principal, he was bound while doing the work to so use the premises, including this

sidewalk, as not to injure others. Misfeasance may involve to some extent the idea of not doing; as where an agent, while engaged in the performance of his undertaking, does not do something which it was his duty to do under the circumstances; as, for instance, when he does not exercise that care which a due regard for the rights of others would require. This is not doing, but it is the *not* doing of that which is not imposed upon the agent merely by his relation to his principal, but of that which is imposed upon him by law as a responsible individual in common with all other members of society. It is the same not doing which constitutes negligence in any relation, and is actionable. Mechem, Ag. § 572.

The judgment must be affirmed.

The other Justices concurred.