JOHANNA SHEPARD *vs.* GEORGE G. CREAMER, trustee.

Essex.    November 8, 1893. — February 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Construction of Roof — Evidence of Similar Conditions elsewhere — Surplusage.*

It is negligence to maintain a building so near the street that, as constructed, snow or ice is in the ordinary course of things liable to fall from the roof upon travellers on the adjoining highway.

In an action for personal injuries occasioned by the fall of snow and ice from the roof of a building upon a traveller on the highway, a ruling that the defendant "has no right to erect or maintain a building, if it be of no unusual construction, so near the street that snow or ice will fall from it, in the ordinary course of things, so as to endanger travellers in passing; and if the building in question was so constructed and maintained, the defendant would be liable without further proof of negligence," gives him no ground of exception.

If the maintenance of the roof of a building as constructed is negligence as matter of law, it is no defence that it is constructed in the same manner as that in use for many years on a large number of other buildings abutting on the streets in the same city.

In an action for personal injuries occasioned by the fall of snow and ice from the roof of a building owned by the defendant as trustee under a will, the defendant in the writ was described as trustee. *Held*, that the description was surplusage, and no amendment of the writ was required. *Held, also*, that the defendant was not injured by the refusal of a ruling that an action could not be brought against him as trustee.

In an action for personal injuries occasioned by the fall of snow and ice from the roof of a building upon a traveller on the highway, evidence that snow and ice were on the roof for two or three days before the accident is competent.

TORT, for personal injuries occasioned to the plaintiff, while a traveller on the highway, by the fall of snow and ice from the roof of an abutting building owned by the defendant.    Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff received the injuries complained of while walking on the sidewalk on Essex Street, in the city of Salem, at about half-past two o'clock in the afternoon of March 8, 1890. The building from which the snow fell was situated at the corner of Essex Street and Washington Square, and was about twenty-five feet in height, with a triangular four-sided slated roof, one side of which sloped toward Essex Street at an angle of twenty-

seven and one half degrees, and projected eight or ten inches over the line of the street, with no guards or fenders upon it. There was evidence tending to show that on the night of March 7th the weather was cold, and that it was freezing during that night, but thawed some during the middle of the 8th. One Hart, called by the plaintiff, testified that on March 7 he passed the defendant's building, and saw snow and ice hanging from the roof over the line of Essex Street; and one Osborne, also called by the plaintiff, testified that he noticed the building at the time of the accident, and in response to the question, " What had been the condition of that roof for two or three days before that time, the 8th of March, 1890," replied, " Well, there was snow and ice there. It was very seldom shovelled off."

The defendant, who was called by the plaintiff, testified that he was a trustee under the will of George Creamer, and as such trustee held the premises in question ; that tenants at will occupied portions of the building at the time of the accident; that a portion of the building was unoccupied at the time, and that for twenty years previous he had employed a man to look after the building during the winter. He offered to show that the roof was of the usual and general construction as to pitch and slope, and that it was a form of construction that had been used for years, and was in use on at least two thirds or three fourths of the buildings on the streets in Salem, but the offer was excluded.

The defendant requested the judge to rule that, as the action had been brought against him as trustee under the will of George Creamer, it could not be maintained against him in that capacity, but only against him personally, if at all. The judge declined so to rule, or to require the plaintiff to amend her writ, and instructed the jury that " the defendant has no right to erect or maintain a building, if it be of no unusual construction, so near the street that snow or ice will fall from it, in the ordinary course of things, so as to endanger travellers in passing; and if the building in question was so constructed and maintained, the defendant would be liable without further proof of negligence."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. L. Evans & A. L. Huntington,* (*A. Fitz* with them,) for the defendant.

*H. P. Moulton,* for the plaintiff.

MORTON, J.    The exception to the instruction to the jury cannot be sustained.    If the ground of liability is negligence, as the defendant contends it is, then it was negligence to maintain a building so near the street and so constructed that, in the ordinary course of things, snow or ice was liable to fall from the roof upon travellers on the adjoining highway.    *Shipley* v. *Fifty Associates,* 106 Mass. 194.    *Smethurst* v. *Barton Square Church,* 148 Mass. 261.    If the defendant was bound at his peril to prevent snow and ice from falling from the roof upon those lawfully on the adjoining highway, then the instruction was too favorable to him.    If the maintenance of the building as constructed was, as matter of law, negligence, the fact that the roof was constructed in the usual manner, and like that which had been used for many years on a large portion of the buildings on streets in Salem would not help the defendant.    *Hinckley* v. *Barnstable,* 109 Mass. 126.    *Maguire* v. *Middlesex Railroad,* 115 Mass. 239.    *Hill* v. *Winsor,* 118 Mass. 251, 259.    The description of the defendant as trustee was surplusage.    No amendment of the writ was required, and the defendant was not injured by the refusal of the court to rule that the action could not be brought against the defendant as trustee.    *Odd Fellows Hall Association* v. *McAllister,* 153 Mass. 292, 297.    The testimony of Hart, that snow and ice were on the roof the day before the accident, and of Osborne, that they were there for two or three days before the accident, was clearly competent.

*Exceptions overruled.*