BANNIGAN v. WOODBURY.

1. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS —
CLAIMS—NEGLIGENCE.
   No action can be maintained against an estate for negligence
   which arose subsequent to the death of the intestate.

2. SAME—NEGLECT OF ADMINISTRATOR.
   Allegations in a declaration that an administrator has charge
   of and controls real property of his decedent, admitted on
   demurrer, will be construed to allege a lawful possession.

3. SAME—REAL PROPERTY—REPAIRS.
   An administrator is bound to exercise reasonable care in main-
   taining real property, of which he has control, in a suffici-
   ently safe condition to prevent injury to travelers on the ad-
   jacent streets.

4. SAME—PLEADING—DECLARATION—DESCRIPTION.
   A description of defendant as administrator of an estate may
   be treated as surplusage, and does not negative a personal
   liability for negligence.

5. SAME.
   An administrator is personally liable for negligence in failing
   to maintain a building under his control in safe repair,
   whereby a window fell upon and injured a traveler.

Error to Kalamazoo; Knappen, J. Submitted June
10, 1909. (Docket No. 52.) Decided September 21,
1909.

Case by Kathryn Bannigan, by next friend, against
Edward Woodbury, individually and as administrator of
the estate of Jeremiah P. Woodbury, deceased, for per-
sonal injuries. An order sustaining a demurrer to the
declaration is reviewed by plaintiff on writ of error. Re-
versed, and remanded.

*Jackson & Fitzgerald*, for appellant.

*A. M. & E. H. Stearns*, for appellee.

Plaintiff in her declaration complains of defendant,

Edward Woodbury, administrator of the estate of Jeremiah P. Woodbury, deceased, and Edward Woodbury, individually. She alleges: That defendant was, and had been for a long time, prior to July 7, 1908, the administrator of said deceased; that he had the charge and control of a building situated on the west side of South Burdick street in the city of Kalamazoo, belonging to said estate; that it is a three-story structure composed of brick, stone, and wood, used for a store and business purposes; that the glass windows in the third story of said building were negligently permitted by defendant to become out of repair and unsafe; that the glass in said windows had become loose; and that on said day, while walking along the street, glass fell out of the windows, striking her upon the head and face and injuring her. The declaration also alleges negligence on the part of Woodbury individually as well as in his capacity as administrator. The defendant demurred to the declaration on the ground that no judgment can be obtained against the estate under the cause of action set out in the declaration or against him individually. The demurrer was sustained.

GRANT, J. (*after stating the facts*). The unsafe condition of the windows is sufficiently described in the declaration and constitutes a cause of action for which somebody should be held responsible. No action can be sustained against the estate because plaintiff's cause of action arose after the death of Jeremiah P. Woodbury. The heirs are not made parties. Whether they are liable for the unsafe condition of the building is not before us. It is true that the administrator is not usually entitled, under our statute, to the possession of the real estate. The demurrer, however, admits that he is in charge and control of the building. It will be assumed that he is legally in control and possession until the contrary is shown. An administrator may be lawfully in the possession of the real estate of the intestate. If so, it would be his duty to keep it in a safe condition, so as to protect travelers along the streets. The allegation that he is administrator, and that

as such he is in possession of the property, does not necessarily negative his personal liability. Such allegation may be treated merely as *descriptio personœ* and surplusage. *Ferrier* v. *Trepannier*, 24 Can. S. C. 86; *Shepard* v. *Creamer*, 160 Mass. 496 (36 N. E. 475); *Belvin's Ex'rs* v. *French*, 84 Va. 81 (3 S. E. 891).

An agent in the control of property is responsible for his own tortious acts. *Ellis* v. *McNaughton*, 76 Mich. 237 (42 N. W. 1113, 15 Am. St. Rep. 308). *Ferrier* v. *Trepannier* is very similar to this case. A window fell and killed a traveler. The cause of the fall was the same as in this case. The declaration was framed in a similar manner, and the court say:

"They [the defendants] were, at the time, in actual possession of this building. It was under their exclusive control and superintendence, whether as trustees or executors, as *depositaires* or *sequestrators*, or in any other fiduciary capacity whatever, does not make the least difference, or lessen in any way their own personal liability for tortious negligence whereby a third party suffered damages."

In *Shepard* v. *Creamer*, suit was brought against the defendant as trustee, where the plaintiff, a traveler on the highway, was injured by a fall of snow and ice from the roof on an abutting building of which the defendant had control as trustee. It was held that the description of the defendant as trustee was surplusage, and the defendant was held individually liable. In *Belvin's Ex'rs* v. *French*, defendants were sued as executors for negligence in failing to keep a hotel property in proper repair. Held that, while they were not liable as executors, they were liable individually, and the allegation that they were executors was held merely a *descriptio personœ* and surplusage.

The judgment should be reversed, and the case remanded for further proceedings according to the rules and practice of the court.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.