[No. 15614.   Department One.   March 18, 1920.]

OLIVER W. FISHER *et al., Respondents,* v.
MINNA McNEELY, *Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (72, 143, 144)—CLAIMS—RIGHTS OF ACTION AGAINST—PERSONAL OR REPRESENTATIVE CAPACITY. An executrix, operating a logging road in continuation of her deceased husband's business, is individually liable for negligence in permitting fires to escape, and hence a claim against the estate is not a condition precedent to action.

NEW TRIAL (40)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY AND PROBABLE EFFECT. A new trial for newly discovered evidence is properly denied where it was not in law newly discovered evidence, and it was highly improbable that it would change the result.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered April 11, 1919, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*F. D. Oakley,* for appellant.

*Davis & Neal,* for respondents.

PARKER, J.—The plaintiffs commenced this action, seeking recovery of damages claimed to have been suffered by them as the result of a forest fire caused by the negligence of the defendant in the operation of a logging locomotive. Trial in the superior court for Pierce county, sitting with a jury, resulted in verdict and judgment in favor of the plaintiffs, awarding them recovery against the defendant in the sum of $1,750, from which the defendant has appealed to this court.

It is first contended that the trial court erred in overruling appellant's demurrer to respondents' complaint and in sustaining respondents' demurrer to appellant's affirmative defense. While the action was brought and

[1]Reported in 188 Pac. 478.

prosecuted against the appellant in her individual capacity, it appears by the allegations of the complaint that, at the time in question, she was, by her servants, operating the logging locomotive as executrix under the will of her deceased husband, in the continuation of the logging business conducted by him at and prior to his death. It also appears by the allegations of the complaint that she is the sole beneficiary under the will, subject only to a nominal bequest of ten dollars to their adopted son. These facts also appear in the allegations of the affirmative answer, but they are more specifically alleged therein. The argument directed against the trial court's rulings upon the demurrers is, in substance, that, since, for the purpose of disposing of the demurrers, it must be assumed that appellant was operating the locomotive as executrix, it was necessary that respondents present to her, as such executrix, a verified claim for the damages claimed by them, before suing thereon; counsel invoking the provisions of § 1479, Rem. Code, that

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator."

The fallacy of this argument is found in the fact that, to obtain redress in the form of damages for a wrong such as is here involved, committed by an executor or administrator in the management of the property in his possession as such, the person so injured does not have to look to the property of the estate at all, but has a right to look to the executor or administrator individually. Indeed the law seems to be that a party so injured cannot look to the property of the estate at all for redress for such a wrong committed by an executor or administrator.

In *Bannigan v. Woodbury*, 158 Mich. 206, 122 N. W. 531, 133 Am. St. 371, the plaintiff sought recovery of

damages as the result of negligence in the maintenance of a building, alleging "negligence on the part of Woodbury individually as well as in his capacity as administrator," also alleging that the building was in the defendant's possession as administrator. Holding that, under such allegations, the plaintiff was entitled to recover against the defendant individually, Justice Grant, speaking for the court, said:

"The allegation that he is administrator, and that as such he is in possession of the property, does not necessarily negative his personal liability. Such allegation may be treated merely as *descriptio personae* and surplusage. *Ferrier v. Trepannier*, 24 Can. S. C. 86; *Shepard v. Craemer*, 160 Mass. 496, 36 N. E. 475; *Belvin's Ex'r v. French*, 84 Va. 81, 3 S. E. 891.

"An agent in the control of property is responsible for his own tortious acts. *Ellis v. McNaughton*, 76 Mich. 237, 42 N. W. 1113, 15 Am. St. Rep. 308."

*Belvin's Ex'rs v. French*, 84 Va. 81, 3 S. E. 891, cited in the above quotation from the Michigan court, was a case almost exactly parallel with that before us, in that there the action was brought against the defendants individually, though the allegations of the declaration showed that they were in possession of the property as executors, and that their negligent management of the property caused the injury for which damage was sought. Overruling a demurrer to the declaration and sustaining a recovery against the executors individually, Justice Richardson, speaking for the court, said:

"The first assignment of error is that the circuit court erred in overruling the demurrer to the declaration. The ground upon which this contention is based is that the action is in form *ex delicto,* and is against the defendants *as executors,* and is therefore not maintainable. The general principle, undoubtedly, is that, unless authorized by statute, a personal representative cannot be sued as such, for his own tort. But this principle does not apply to the case in hand; for here

the action is not against the defendants in their representative capacity, but is against them personally. It is true, they are described as executors, but this is merely *descriptio personae,* and may be stricken out as surplusage, inasmuch as no cause of action is set forth in the declaration for which, under any circumstances, they can be held responsible as executors. Besides, there is no well-founded objection to the declaration as it is, for by describing the defendants as executors, it merely sets forth their relation to, and consequent duties respecting, the property mentioned therein, and then it further alleges that for their failure to perform those duties, namely, in negligently permitting the area light to be and continue in an unsafe condition, they are answerable personally to the plaintiff in this action; at least, such is the substance and effect of the allegations in this declaration.''

Among other decisions supporting this view of the law, we note the following: *Rose v. Cash,* 58 Ind. 278; *McCue v. Fink,* 20 Misc. Rep. 506, 46 N. Y. Supp. 242; *Brown v. Floyd,* 163 Ala. 317, 50 South. 995. It follows that, since appellant, according to the allegations of the complaint and affirmative answer, if true, would be individually liable for the injury which respondents suffered from the fire, it was not necessary for them to present to her as executrix a verified claim for their damages before suing thereon. We conclude that the trial court did not err in its rulings upon the demurrers.

It is contended that the trial court erred in denying the challenges made by her counsel to the sufficiency of the evidence to sustain recovery against her. These challenges were made by timely motions, both before and after the verdict. This contention involves only questions of fact as to appellant's negligence being the proximate cause of the fire, and as to respondent's contributory negligence in failing to remove their donkey engine from the path of the fire, the injury of their

donkey engine being one of the items of damages. A careful reading of all the evidence convinces us that these questions were plainly for the jury to determine, and that neither could have been properly determined by the trial court as a matter of law.

It is finally contended that the trial court erred in denying appellant's motion for a new trial, which was rested upon newly discovered evidence. A reading of the affidavits in support thereof, found in the statement of facts, in the light of what occurred at the trial, we think, renders it plain that the court did not err in denying the motion for a new trial. Not only are we convinced that the evidence was not in law newly discovered evidence, but also that it is highly improbable that such evidence, even if produced upon a new trial, would lead to any different result than was reached by the jury and court upon the trial resulting in this judgment. We think the case does not call for further discussion. The judgment is affirmed.

HOLCOMB, C. J., MAIN, MACKINTOSH. and MITCHELL, JJ., concur.