The plaintiff, Storlie, commenced this action in the superior court for Pierce county seeking recovery from Arthur Weichbrod, as executor of the estate of Edmund H. Seidler, deceased. The executor having died while the action was pending, W.L. Sachse was duly appointed administrator of the estate with the will annexed, and as such duly substituted as the defendant. Thereafter, the cause proceeded to trial in the superior court, sitting without a jury, resulting in findings and judgment denying to Storlie recovery, from which he has appealed to this court.
The record brought here from the superior court, which includes all of the evidence introduced upon the trial, we think leaves no room for serious controversy as to what are the controlling facts of this case. They may be summarized as follows:
On June 11, 1925, Seidler, a single man, became indebted to Storlie in the sum of four hundred dollars. To evidence that indebtedness, Seidler on that day executed and delivered to Storlie his promissory note for that principal sum, payable one year thereafter, with eight per cent interest per annum. To secure payment thereof, Seidler on the same day executed and delivered to Storlie a mortgage upon a tract of land in Pierce county, then owned by him.
On July 9, 1926, Seidler died in Pierce county, being then a resident thereof and leaving property therein, including this mortgaged land. He had then paid to Storlie upon the principal of the note indebtedness one hundred and fifty dollars, and also had paid interest thereon up to June 26, 1926. No further payment has ever been paid upon that indebtedness. Seidler left a *Page 293 
non-intervention will which had been duly executed by him, wherein he named Arthur Weichbrod as executor,
". . . giving to him full power to sell, or in any manner dispose of any real or personal property, belonging to me, or in which I have any interest at the time of my death, at public or private sale, without the approval of any court,"
and leaving all his property to his sister living in Bohemia, subject to his debts, funeral expenses and expenses of administration.
On July 16, 1926, the will was duly admitted to probate in the superior court for Pierce county and the appointment of Arthur Weichbrod as executor confirmed, who then duly qualified and entered upon his duties as such. On July 17, 1926, the executor commenced publication of notice to creditors, in pursuance of the order of the court. On September 22, 1926, the court having theretofore duly appointed appraisers, the executor filed in the probate proceeding an inventory and appraisement of the property of the estate, showing it to consist of the land covered by the mortgage above noticed, appraised at six hundred dollars, two town lots in Tacoma appraised at one thousand dollars, household goods appraised at one hundred dollars, and cash amounting to $31.25.
On January 25, 1927, the six months' period prescribed by statute for the presentation of claims of creditors having expired, the executor applied for and obtained from the court an order establishing the estate to be "fully solvent," as prescribed by Rem. Comp. Stat., § 1462, relating to settlement of estates under non-intervention wills; thus fully enabling the executor to proceed with the settlement of the estate according to the terms of the will.
On July 23, 1928, Storlie presented to the executor his verified claim against the estate, claiming the estate *Page 294 
to be indebted to him in the sum of two hundred fifty dollars and interest upon the note indebtedness above noticed. On July 30, 1928, the executor rejected and disallowed this claim, stating his reason therefor to be that it was barred by not having been timely presented, it not having been presented until over two years after the first publication of notice to creditors.
Prior to the presentation of Storlie's claim and the commencement of this action, the executor, then not knowing of the existence of Storlie's mortgage, it being unrecorded, exercising the power conferred upon him by the terms of the will, sold and conveyed the land covered by the mortgage, warranting it to be free from all encumbrances, receiving therefor seven hundred dollars. The grantee so acquired title to the land free from all encumbrances, including the mortgage, because the mortgage had not then been recorded and was not recorded until sometime thereafter. It appears by competent testimony, other than that of Storlie, that he was requested by Seidler, and agreed with him, that he, Storlie, would not place the mortgage of record. The purpose of this is not made plain by the record before us, but the withholding of the mortgage from record enabled the executor to vest in the grantee title to the land free from the encumbrances of the mortgage; although, as between Storlie and Seidler and his estate, the land was not free from the encumbrance of the mortgage.
Storlie did not learn of the sale and conveyance of the land by the executor until a short time prior to the presentation of his claim to the executor and the commencement of this action. Partial distribution of the property of the estate, or rather the proceeds thereof, has been made by the executor and the administrator to the sister devisee. Of the property of the estate, the town lots, appraised at one thousand dollars, and *Page 295 
some funds, proceeds of sold property, remain in the hands of the administrator undistributed.
On August 27, 1928, Storlie commenced this action in the superior court for Pierce county, seeking recovery from the executor as such in the sum of two hundred fifty dollars, with interest thereon from June 26, 1926, resting his claim of recovery in the alternative upon two theories: (1) That his claim was timely presented because of insufficiency of and irregularity in the executor's notice to creditors and the publication thereof; and (2) that his claim of recovery is not dependent upon its presentation to the executor and the executor's action thereon, as a prerequisite to recovery in this action. On May 2, 1929, the executor, Weichbrod, died. This was followed by the appointment of Sachse as administrator with the will annexed, the substituting of him as the defendant, the trial of the cause, and the judgment as above noticed.
[1] Viewing Storlie's claimed right of recovery as resting alone upon the note indebtedness owing to him by Seidler prior to Seidler's death, it seems plain to us that there could not be any recovery by Storlie in this action. As to the claim of insufficiency and irregularity in the notice to creditors and the publication thereof, we deem it sufficient to say that we do not find any substantial defect therein. Plainly, Storlie did not present his claim to the executor within the prescribed six months' period following the first publication of that notice. This barred his right of recovery on that claim, it being only a claim upon the note given to him by Seidler as a simple indebtedness owing by Seidler prior to his death. Rem. Comp. Stat., § 1477; Davis v. Shepard, 135 Wn. 124, 237 P. 21.
[2] Viewing Storlie's claim of recovery as resting upon an obligation of the estate arising in the course *Page 296 
of its administration after the death of Seidler, it is plain that Storlie's right of recovery is not dependent upon his presentation of a claim therefor prior to the commencement of the action. We have so held in the following cases: Fisher v.McNeely, 110 Wn. 283, 188 P. 478, 14 A.L.R. 369; In reHemrich's Estate, 113 Wn. 667, 194 P. 569; Drain v.Wilson, 117 Wn. 34, 200 P. 581; Plummer v. Light,139 Wn. 670, 247 P. 1022. In this last cited case, referring to the necessity of presentation of a claim to an administrator as a prerequisite to maintaining an action thereon, we said:
". . . that necessity does not exist for filing claims against an estate, where the claim arose out of the administration and as part of the work of the administrator in collecting the assets of the estate."
See, also, 24 C.J. 330.
[3] The loss of Storlie's right as a general creditor of the estate, by his failure to timely present his claim as such, did not impair the lien of his mortgage against the mortgaged land, to the extent of any unpaid balance of the note indebtedness secured thereby, nor his right to foreclose the mortgage and subject the proceeds thereof to the payment of the unpaid balance of the note indebtedness. This is well-settled law in this state.Scammon v. Ward, 1 Wn. 179, 23 P. 439; Reed v. Miller,1 Wn. 426, 25 P. 334; Macdonald v. O'Shea, 58 Wn. 169,108 P. 436; In re Spark's Estate, 101 Wn. 462, 172 P. 545;Harding v. American State Bank, 127 Wn. 484, 221 P. 599.
[4] We are of the opinion that Storlie has the right to relief in this case, and that such right arose by the act of the executor selling and conveying the mortgaged land as being free from all encumbrances to an innocent grantee, receiving seven hundred dollars therefor, *Page 297 
and thus rendering the mortgage lien incapable of effectual enforcement.
[5] To what extent Storlie is now entitled to relief under the circumstances of this case, cannot be determined at this time with certainty as to amount, without assuming that the remaining undistributed property of the estate in the hands of the administrator will yield sufficient proceeds to pay Storlie an amount equal to the remaining unpaid portion of the mortgage indebtedness above administration expenses chargeable against that property. The executor did not know of the existence of Storlie's unrecorded mortgage when he sold and conveyed the mortgaged land as being free from encumbrance. The record also warrants the conclusion that the executor proceeded in good faith to administer the estate and make partial distribution of the proceeds thereof to the sister devisee, before learning of the existence of Storlie's mortgage.
While this, we think, absolves the estate from liability except as to its liability as against the remaining undistributed property of the estate, that property, we think, remains subject to the satisfaction of the mortgage indebtedness so far as that indebtedness remains unpaid; subject, however, to expense of administration properly chargeable against that property. The appraised value of that property indicates that it will be sufficient to satisfy the whole of the unpaid portion of the mortgage indebtedness due to Storlie, as well as the expense of administration chargeable against that property, though, of course, as to this we cannot now be certain.
We conclude that the judgment must be reversed, and the cause remanded to the superior court with directions to award to Storlie, as against the remaining undistributed property of the estate, an amount equal to the unpaid principal of the mortgage indebtedness, *Page 298 
together with interest thereon at eight per cent per annum from June 26, 1926, after payment of expense of administration chargeable against that remaining property. It is so ordered.
TOLMAN, C.J., MITCHELL, BEELER, and HERMAN, JJ., concur.