EVANS v JOHNSON

Docket No. 66797. Submitted December 13, 1983, at Detroit.—Decided February 6, 1984.

Viola Evans filed an action in Detroit Common Pleas Court against Will Johnson, alleging that she sustained serious personal injuries when she slipped and fell on an unlighted defective step near the women's bathroom at "Ethel's Lounge" in Detroit, on July 21, 1974. Will and Beatrice Johnson owned the building, a part of which was leased to Ethel White, who operated the bar therein, known as "Ethel's Lounge". Ethel White died on June 3, 1974. On June 11, 1974, Will Johnson was appointed executor of White's estate. Johnson was authorized to operate the bar for the benefit of the estate. The court, Arthur Bowman, J., entered a judgment for the defendant on a jury verdict of no cause of action. The plaintiff appealed and the Wayne Circuit Court, Henry J. Szymanski, J., affirmed the judgment. The plaintiff appealed by leave granted. *Held:*

The judgment of the circuit court affirming the verdict for the defendant should be reversed and the case remanded to the common pleas court for a new trial. The trial judge erred in not giving the plaintiff's requested jury instruction indicating that the person in control of a premises is responsible for his own wrongful conduct, if any, with respect to the condition of the premises. Under Michigan law, if a fiduciary is in control and possession of a premises and is negligent, the fiduciary individually, not the estate, is liable. The error was compounded when the trial court advised the jury of the defendant's theory of defense.

Reversed and remanded.

1. EXECUTORS AND ADMINISTRATORS — NEGLIGENCE — TORTS — CONTROL OF PROPERTY.

Liability may be imposed upon an administrator or executor of a

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Executors and Administrators §§ 260, 263.
Liability of estate for tort of executor, administrator, or trustee. 82 ALR3d 892.
[2] 4 Am Jur 2d, Appeal and Error §§ 537, 538.

decedent's estate individually in a negligence action involving injury to a plaintiff occurring on the decedent's property where the administrator or executor had control or possession of the property and failed to exercise reasonable care in the exercise of such control and possession.

2. TRIAL — APPEAL — JURY INSTRUCTIONS.

Refusal of a trial court to give a requested instruction which states the applicable law and is supported by the evidence is error; if the error is such that the Court of Appeals can say that in the absence of such error the result might well have been different, the error is reversible error.

*Small, Oakes, Clark, Berris, Kohl & Freilich, P.C.* (by *David P. Kohl*), for plaintiff.

*Robert S. Harrison,* for defendant.

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

ALLEN, J. This is a slip and fall case coming to us on leave granted on plaintiff's petition for leave to appeal a June 24, 1982, opinion and order of the circuit court for Wayne County, affirming a common pleas court jury verdict of no cause of action. Leave to appeal was granted by this Court on March 18, 1983. A certified statement of facts was adopted by the Wayne Circuit Court.

Plaintiff's complaint, filed in April, 1977, alleges that, on July 21, 1974, at "Ethel's Lounge" in Detroit, plaintiff sustained serious personal injuries "when she slipped and fell on an unlighted defective step near the women's bathroom, which step was inadequately lighted, had no guardrail, had no warnings and which was of an improper design and negligently maintained". Defendant, Will Johnson, and his wife, Beatrice Johnson, owned the building, a part of which was leased to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Ethel White, who operated a bar therein known as "Ethel's Lounge". Ethel White died on June 3, 1974, and on June 11, 1974, Will Johnson was appointed executor of Ms. White's estate and authorized to operate the bar for the benefit of the estate.

Will Johnson presented multiple defenses including (a) denial that plaintiff was in the bar on July 21, 1974; (b) denial that a dangerous condition existed; (c) a claim that, if anyone was liable, it was the estate of Ethel White and not himself individually. It is alternate defense (c) which is the subject of this appeal.

Defense counsel's opening statement included the following assertions:

"It is our theory that at the time that this alleged incident occurred that the premises were being leased to Ethel White * * * that he [defendant] had no control over these premises.

\* \* \*

"At the time of this alleged offense, Mr. Johnson was, in fact, conducting the affairs of the estate, not personally, not for himself, not for his own benefit. He was bound by the Wayne County Probate Court. The records will be introduced in this court to conduct [sic] that particular business and then the proper parties, if there was any liability whatsoever, who had been the estate of Ethel White, not Mr. Johnson personally. He had no control over that business.

\* \* \*

"It is our contention that the law is clear that the mere owner of the premises has no liability when he has no control. The control was definitely in the hands of Ms. White while she was living and when she was deceased, it was her estate. Although Mr. Johnson served at the pleasure of the probate court as executor, he had no individual liability. We submit that, in fact, the person liable in this case is, in fact, the estate of Ethel White.

* * *

"It is our theory that * * * if there is any liability whatsoever, it belongs to the estate of Ethel White. * * * If there is any liability to hold liable for *[sic]* and we would ask at the conclusion of this trial that you find no cause of action against Mr. Will Johnson."

Plaintiff's attorney objected to these statements, arguing that, under *Bannigan v Woodbury*, 158 Mich 206; 122 NW 531 (1909), an executor in possession of real property is personally liable for injuries sustained on the property.

Plaintiff's attorney requested the following instruction but the trial court did not give it:

"The estate is not responsible for this occurrence since Ethel White died before plaintiff was injured. The issue for you to decide is the liability of Will Johnson, if any. It is the law that the person in control of premises is responsible for his own wrongful conduct, if any, with respect to the condition of the premises."

The trial court repeated defendant's theory of nonliability, saying in its charge to the jury:

"It is further the theory of defendant Will Johnson that if there was any liability whatsoever, it would be the liability of the estate of Ethel White and not of Will Johnson."

However, the trial court did instruct the jury:

"The estate of Ethel White is not in this lawsuit, however, so you are going to decide the liability of Will Johnson, and not of the estate of Ethel White."

The jury was instructed to answer a special inter-

rogatory, "Was the defendant negligent?" However, the jury returned a verdict of no cause of action and did not answer the interrogatory.

On appeal to us, plaintiff contends that the common pleas court erred by telling the jury and allowing defense counsel to tell the jury that, if anyone was liable, it was the estate of Ethel White, not defendant, and further, that the trial judge for the circuit court for Wayne County also erred by affirming the verdict on the ground that *Bannigan v Woodbury, supra,* was inapplicable since the alleged dangerous condition in that case (loose window glass) had existed for a long period of time and should have been known to the administrator of the estate of the building owner, whereas the alleged dangerous condition in the instant case had existed, if it existed at all, for only a day or so.[1] Defendant's brief on appeal follows the rationale of the Wayne County circuit judge. Essentially, defendant contends that he is not liable for injuries merely because he was in control of the property at the time that the accident occurred. Instead, defendant argues, the defect must have existed long enough that he must, or should, have been aware of it.

Defendant construes *Bannigan* too narrowly.[2] While it is true that liability does not fall upon an administrator or executor merely because the administrator or executor has control and possession

[1] The circuit court also ruled that plaintiff was not prejudiced because plaintiff was free to present proof that Johnson was, in fact, negligent and because the jury instructions, when read as a whole, informed the jury that Johnson could be held liable as the person in control of the premises.

[2] *Bannigan* has been cited with approval in *Dombrowski v Gorecki,* 291 Mich 678, 681; 289 NW 293 (1939). See also *Nezworski v Mazanec,* 301 Mich 43; 2 NW2d 912 (1942); *Merritt v Nickelson,* 80 Mich App 663, 667; 264 NW2d 89 (1978), *aff'd* 407 Mich 554; 287 NW2d 178 (1980).

of the premises, because to so hold would be tantamount to adoption of the doctrine of *res ipsa loquitur,* liability is imposed upon an administrator or executor who has control and possession *and who fails to exercise reasonable care* in the exercise of such control and possession. Whether the fiduciary was in control and possession long enough to have become aware, or as a reasonable person should have become aware, of the alleged defect is a factor to be considered on the issue of whether reasonable care was exercised. Defendant's theory (c) of nonliability is that, even if defendant failed to exercise reasonable care and was in control and possession of the premises, defendant is not individually liable and only the estate is liable. This is not the rule in Michigan. Under Michigan law, if the fiduciary is in control and possession and is negligent (fails to exercise due care), then the fiduciary individually, not the estate, is liable.

Most jurisdictions concur in the Michigan rule. See 82 ALR3d 892, although a minority have recognized exceptions, *e.g.,* the estate may be held liable where it benefits from the executor's tort, *Clark v Knox,* 70 Ala 607 (1881); *Alphonzo E Bell Corp v Bell View Oil Syndicate,* 46 Cal App 2d 684; 116 P2d 786 (1941); *Grimes v Barndollar,* 58 Colo 421; 148 P 256 (1914); *Ernest G Beaudry, Inc v Freeman,* 73 Ga App 736; 38 SE2d 40 (1946). Another exception recognized by a minority of jurisdictions is that an estate properly engaged in business is liable for a tort of the executor committed in the course of business, particularly where the tort committed by the executor is a common incident of the kind of business activities, *Fife v Richards,* 77 Ga App 698; 49 SE2d 772 (1948); *Smith v Coleman,* 100 Fla 1707; 132 So 198 (1931);

*Bright National Bank v Hanson,* 68 Ind App 61; 113 NE 434 (1916). In essence, defendant's alternative theory of nonliability is the latter exception, exemplified in *Vance v Estate of Myers,* 494 P2d 816; 82 ALR3d 883 (Alas, 1972).

The Alaska Court noted that the more modern view is found in the Uniform Trust Act, which provides that the fiduciary may be sued in his fiduciary capacity with collection to be made from the trust assets if "the tort was a common incident of the kind of business activity in which the trustee or his predecessor was properly engaged for the trust". Uniform Trust Act, § 14. However, Michigan has not adopted the Uniform Trust Act and, until the Legislature enacts such law or the Supreme Court modifies *Bannigan* and successor cases, this Court must follow the majority rule.

Plaintiff's requested instruction was an accurate statement of the law; defendant's alternate theory (c) of defense was not. The trial court's refusal to give the requested instruction was error. The error was compounded when the trial court advised the jury of defendant's erroneous theory of defense. Because the jury returned a general verdict of "no cause of action" without responding to plaintiff's special interrogatory "Was the defendant negligent?" it is impossible to determine from the verdict itself whether the jury found that defendant was not negligent in any respect, or whether it found that he was negligent but, under defendant's alternate theory of defense, liability belonged to the estate.

At the time that the accident occurred, defendant Johnson was operating the bar as executor of Ethel White's estate. Whether he had been operating the bar long enough to have become aware of the defect, and thus legally chargeable with failure

to exercise due care, was a question for jury determination. On this issue the proofs were conflicting. Under no circumstances can the trial court's instructions to the jury, when read as a whole, be considered a fair statement of the law. Under Michigan law, an executor is personally liable for failure to exercise due care in the operation of the estate. The jury was not so informed and was left with an impression to the contrary. Clearly, the error was one without which the jury might have come to a different conclusion. Under these circumstances we must reverse. *Falconer v Salliotte,* 103 Mich App 234, 237; 303 NW2d 11 (1981).

The judgment of June 24, 1982, affirming the verdict in favor of defendant is reversed and the cause remanded to the common pleas court for a new trial. Costs to plaintiff.