Ronald J. HARRIS, Jr., Personal Representative of the Estate of Ronald R. Harris, Sr., deceased, Plaintiff,

v.

GREAT LAKES STEEL CORPORATION, A DIVISION OF NATIONAL STEEL CORPORATION, a Delaware corporation, Cecil O'Dell and James Howell, jointly and severally, Defendants.

David BITTNER, individually and as father of Cye Bittner, Kristina Bittner, and Jordan Bittner, Plaintiffs,

v.

GREAT LAKES STEEL CORPORATION, A DIVISION OF NATIONAL STEEL CORPORATION, a Delaware corporation, Cecil O'Dell and James Howell, jointly and severally, Defendants.

Nos. 90–72668, 90–73154.

United States District Court, E.D. Michigan, S.D.

Nov. 19, 1990.

vision of National Steel Corporation (National Steel). Plaintiff David Bittner (Bittner) filed an almost identical complaint, alleging he received injuries arising from the same construction accident at National Steel.[1] Harris' complaint names three defendants: (1) National Steel, the company that hired Harris' employer, the Songer Corporation (Songer), as an independent contractor, (2) Cecil O'Dell (O'Dell), the director of fire and safety for National Steel, and (3) James Howell (Howell), the chief executive officer of National Steel.[2] Bittner's complaint also names three defendants: (1) National Steel, (2) O'Dell, and (3) Dennis Huck (Huck), the safety manager for National Steel.

Pursuant to 28 U.S.C. §§ 1332 and 1441, National Steel removed both Harris' and Bittner's actions based on diversity of citizenship. Now National Steel moves to dismiss the claims against O'Dell and Huck so that the Court may have subject matter jurisdiction over the cases. National Steel argues O'Dell and Huck were fraudulently joined and, consequently, that their citizenship should be ignored for the purposes of determining diversity jurisdiction. The Court disagrees. National Steel's motions to dismiss will be denied and both cases will be remanded to the Wayne County Circuit Court.

Paul Eisley, Detroit, Mich., for plaintiff.

Kevin Hendrick, Detroit, Mich., for defendants.

## MEMORANDUM

COHN, District Judge.

### I.

These are two separate wrongful death cases. Plaintiff Ronald R. Harris, Jr. (Harris) is the personal representative of the estate of Ronald Harris Sr. (Harris' decedent). Harris filed a complaint in the Wayne County Circuit Court, alleging Harris' decedent received fatal injuries arising from a construction accident occurring on the premises of defendant Great Lakes Di-

### II.

The facts alleged in Harris' and Bittner's complaint are as follows. At the time of their injuries, decedent and Bittner were employed by Songer as boilermakers and were invitees on property owned by National Steel. The work done by decedent and Bittner on National Steel's property was inherently dangerous and hazardous. National Steel retained complete control over its property while the work continued. Harris' decedent died after being overcome by toxic gases that entered his work area.

---

1. Bittner is the primary plaintiff in his cause. His minor children, Cye, Kristina and Jordan are co-plaintiffs requesting damages for deprivation of their father's comfort, society, protection, guidance, care, support, ability in training and rearing them. All are residents of Michigan.

2. In its Reply to Motion to Dismiss Claims Against Fraudulently Joined Individual Defendants, Harris stated he would voluntarily dismiss Howell from this action.

Bittner was seriously injured after he was exposed to the same toxic gases. Both complaints allege that National Steel and O'Dell failed to implement safety procedures and provide rescue equipment.[3] These failures, Harris says, resulted in Harris' decedent's death. Bittner says the same failures resulted in his injuries.

Bittner, Harris, O'Dell and Huck are all citizens of Michigan. National Steel is a Delaware corporation.

### III.

National Steel acknowledges that, on its face, neither Harris' nor Bittner's complaint allege facts giving rise to diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806) (defining "complete diversity"). That is, since Bittner, Harris, O'Dell and Huck are all Michigan residents, complete diversity is not present in either case before the Court.

However, National Steel says Harris is unable to state a claim against O'Dell and that he was fraudulently joined solely to defeat diversity jurisdiction. Similarly, National Steel says Bittner is unable to state a claim against O'Dell or Huck who were fraudulently joined to defeat diversity jurisdiction. As such, National Steel argues, the citizenship of O'Dell and Huck can be ignored for diversity purposes.

### A.

■ It is true that the fraudulent joinder of a resident defendant is no bar to removal. *DiNatale v. Subaru of America*, 624 F.Supp. 340, 342 (E.D.Mich.1985) (citing Hart and Wechsler, *The Federal Courts and The Federal System* 1215 (2d ed. 1973). *See also Pullman v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939). However, National Steel has

failed to show that including O'Dell and Huck as defendants constitutes fraudulent joinder.

■ If there is a reasonable basis for asserting that state law might impose liability on a resident defendant under the facts alleged, then the joinder is not fraudulent and will prevent removal. *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 355 (E.D.Mich.1988). To demonstrate existence of fraudulent joinder of a party to destroy diversity, the removing party "must show there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Brusseau v. Electronic Data Systems Corp.*, 694 F.Supp. 331, 333 (E.D.Mich.1988) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981).[4]

### B.

■ Here, National Steel has failed to demonstrate that under Michigan law there would be no viable claim against O'Dell or Huck. Moreover, it has also failed to demonstrate that Bittner does not have a valid claim against O'Dell or Huck.

■ The question is whether an employee is personally liable for injuries to third persons by reasons of tortious acts committed within the scope of employment. In Michigan, courts have long held that an employee can be held accountable when his or her negligent conduct causes the injuries of third persons. *Ellis v. McNaughton*, 76 Mich. 237, 241, 42 N.W. 1113 (1889). Specifically, liability may attach if the employee fails to take steps to protect third persons' safety. *See Bannigan v. Woodbury*, 158 Mich. 206, 208, 122 N.W. 531 (1909) (employee who negligently allows a window to become out of repair and unsafe is liable for the injury of third persons); *Hart*

---

**3.** Bittner's complaint states that Huck also failed to implement proper safety procedures and provide rescue equipment.

**4.** Arguing that this case is a "classic example" of fraudulent joinder, Great Lakes emphasizes its belief that O'Dell and Huck were joined to defeat federal jurisdiction. However, a plaintiff's motive for joining has no bearing. The proper

inquiry is whether there is any reasonable basis for asserting a claim against a defendant, not whether the plaintiff's motive in joining a defendant is to destroy diversity. *Lowell Staats Mining Co. v. Philadelphia Electric Co.*, 651 F.Supp. 1364 (D.Colo.1987); *Schwegmann Brothers Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606 (E.D.La.1980).

*v. Ludwig*, 347 Mich. 559, 565, 79 N.W.2d 895 (1956) (employee can be liable for acts of mere nonfeasance, i.e., failing to fill a ditch in a public way); *Attorney General v. Ankersen*, 148 Mich.App. 524, 557, 385 N.W.2d 658 (1986) ("it is beyond question" that a corporate employee is personally liable for all the tortious acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation); *see generally* 53 Am.Jur.2d, Master and Servant, §§ 446–451 (1970).

As pled in Harris' complaint, O'Dell was in charge of National Steel's safety operations. His negligent acts and omissions caused decedent's death. Given the doctrine that an employee may be personally liable in tort for injuries to third persons, National Steel is unable to demonstrate that there is "absolutely no possibility" that Harris would be able to establish a cause of action against O'Dell. The same reasoning applies to the complaint filed by Bittner; he alleges both O'Dell and Huck were responsible for National Steel's safety operations.

### C.

■ National Steel's argument that neither Harris nor Bittner can state a cause of action against its employees is unconvincing. The argument centers around the status of Harris' and Bittner's employer, Songer, which is an independent contractor. National Steel accurately points out that, under Michigan law, an "owner of property is not liable to an employee of an independent contractor for negligence." *Samodai v. Chrysler Corp.*, 178 Mich.App. 252, 255, 443 N.W.2d 391 (1989). This rule has two exceptions: (1) where the premises owner retains control over the work performed and a contractor's activities, and (2) where the work performed is inherently dangerous. *Samhoun v. Greenfield Construction Co., Inc.*, 163 Mich.App. 34, 45, 413 N.W.2d 723 (1987); *Bosak v. Hutchinson*, 422 Mich. 712, 728–729, 375 N.W.2d 333 (1985). National Steel says the "retained control" and "inherently dangerous activity" doctrines applies only to landowners, and therefore Michigan law does not impose tort liability on a landowner's employ-ees. *Funk v. General Motors Corp.*, 392 Mich. 91, 101, 220 N.W.2d 641 (1974).

This contention is flawed. First, National Steel has failed to cite a single case explicitly stating that a landowner's employee owes no duty to third persons under the circumstances presented here.

Next, it is irrelevant that the "retained control" and "inherently dangerous activity" doctrines may apply only to landowners, not to their employees. National Steel's argument falsely assumes that *Samodai, supra*, vitiates the duties of a landowner's employee as well as the landowner itself. National Steel has presented nothing to suggest that a rule divesting a landowner of liability also divests a landowner's employee of liability. In fact, when an employee is negligent, responsibility attaches to him or her as an individual wrongdoer without respect to the position in which he or she acts or the relation he or she bears to the employer. *See Larsen v. Home Telephone Co. of Detroit*, 164 Mich. 295, 129 N.W. 894 (1911); 53 Am.Jr.2d, Master and Servant, § 446 n. 9 (1970). Thus, the duty of a landowner and an employee exist independently of each other. As a result, the line of cases on which National Steel relies, said to expand only the duties of a landowner, does not necessarily have a bearing on the duties of a landowner's employee.

### IV.

In sum, National Steel has not demonstrated that Harris failed to state a claim against O'Dell. Similarly, it has not shown that Bittner failed to state a claim against O'Dell or Huck. Neither O'Dell's nor Huck's joinder as a defendant is fraudulent. Therefore, there is no diversity jurisdiction in either Harris' case or Bittner's case.