Larry **MILLS**, Plaintiff,

v.

**ELECTRONIC DATA SYSTEMS CORPORATION and Andrew S. Borchers, Defendants.**

No. 97–CV–74531–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 11, 1997.

Gregory T. Gibbs, Jeanmarie Miller, Flint, MI, for Plaintiff.

Raymond J. Carey, Bradley A. Sherman, Duvin, Cahn & Hutton, Detroit, MI, for Defendants.

## OPINION

DUGGAN, District Judge.

Plaintiff filed this action in the Genesee County Circuit Court on or about August 12, 1997, alleging that defendants discriminated against him in conjunction with his employment, specifically asserting that plaintiff's employment was adversely affected on the basis of his age in contravention of the Elliott–Larsen Civil Rights Act, M.C.L.A. 37.2202 ("Elliott–Larsen"), and a violation of the Michigan Handicappers' Civil Rights Act, 37.1202 ("HCRA").

On September 4, 1997, defendants removed this action based on diversity of citizenship. In its removal petition, defendants acknowledge that defendant Borchers is a citizen of Michigan, as is plaintiff, but that he was "fraudulent joined" as a defendant, and thus his presence in this lawsuit should not be considered in determining whether or not diversity of citizenship exists.

On October 3, 1997, plaintiff moved to remand this action to the Genesee County Circuit Court asserting that defendant Borchers was not fraudulently joined and because of his presence in this lawsuit, there is no diversity of citizenship. Therefore, plaintiff argues, this Court lacks jurisdiction and the case must be remanded.

The sole basis for defendants' claim that Borchers has been "fraudulently joined" is their argument that Borchers cannot be held individually liable for a violation of either § 202 of Elliott–Larsen or § 202 of HCRA. Defendants' argument is based primarily on

the recent Sixth Circuit decision in *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997).

In *Wathen*, the Sixth Circuit concluded that there is no individual liability on employees for violations of Title VII; rather, the "agent's" conduct allows for *respondeat superior* liability against the employer.

Neither party has cited, nor is this case aware of, any Michigan case which has addressed this issue. However, this Court is aware of at least one Michigan case in which the individual responsible for making employment decisions was not precluded, as a matter of law, from being held liable under Elliott–Larsen. *See Jenkins v. American Red Cross*, 141 Mich.App. 785, 369 N.W.2d 223 (1985)(Court of Appeals affirmed a jury verdict against individual employees.) The Court, however, recognizes that the precise issue ruled upon by the Sixth Circuit in *Wathen* was not addressed in *Jenkins*.

Defendant contends that this Court should "predict" that when this issue is presented to a Michigan court, it will rule consistent with *Wathen*, i.e., that there is no individual liability for violation of either Elliott–Larsen or HCRA.

This Court does not conclude that Borchers was "fraudulently joined" simply because defendant believes that when faced with the issue, a Michigan court will conclude that there is no individual liability under Elliott–Larsen or HCRA.

 The Sixth Circuit instructs that a district court "must 'look to the complaint as it existed at the time the petition for removal was filed to determine' the matter of federal jurisdiction raised by the defendants' notice of removal." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 946 (6th Cir. 1994) (*quoting Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir.1991)). The burden of establishing federal jurisdiction rests "clearly upon defendants as the removing party." *Alexander*, 13 F.3d at 948–49 (citations omitted). Further,

[t]he removing party bears the burden of demonstrating fraudulent joinder. Removal statutes, moreover, are strictly construed . . . .

"[Moreover,] any disputed questions of fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the non-removing party."

*Id.* at 949 (internal citations omitted). Thus, There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Id.* (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir.1968)).

 Accordingly, "if there is a reasonable basis for asserting that state law might impose liability on a resident defendant under the facts alleged, then joinder is not fraudulent and will prevent removal." *Harris v. Great Lakes Steel Corp.*, 752 F.Supp. 244, 246 (E.D.Mich.1990).

 Since it is not at all clear to this Court that the Michigan Courts would rule, as a matter of law, that there can be no individual liability under Elliott–Larsen, this Court is not persuaded that defendant Borchers has been fraudulently joined.[1]

In fact, decisions from this Court, admittedly decided before *Wathen*, have interpreted Elliott–Larsen as permitting "individual liability." *Williams v. EDS*, 1994 U.S. Dist., LEXIS 10498 *11 (E.D.Mich.1994) (Judge Zatkoff) ("There is no dispute that, as a matter of law, plaintiff has the ability to sue the individual defendants, based on their status as agents of defendant EDS, *see* M.C.L.A. 37.1201(b)"); *Lawrence v. EDS*, 1994 WL 762217 *4 (E.D.Mich.1994) (Judge Edmunds) ("The federal district courts have not held any differently, as they have had four times recently held that a supervisor can be held liable.").

---

1. In this Court's opinion, the resolution of this issue should best be left, in the first instance, to the state court.

Having concluded that defendant Borchers was not "fraudulent joined," this Court lacks subject matter jurisdiction over this case. Accordingly this case shall be remanded to the Genesee County Circuit Court.

An Order consistent with this Opinion shall issue forthwith.