Mary **KUNDROT** and Kathleen Day, Plaintiffs,

v.

**PARKE–DAVIS DIVISION OF WARNER–LAMBERT COMPANY, A Domestic Corporation, Lonia Tons Merte, Christy Porterfield, and John Baukema, jointly and severally, Defendants.**

No. 99–70244.

United States District Court,
E.D. Michigan,
Southern Division.

March 4, 1999.

Gary A. Colbert, Southfield, MI, for plaintiffs.

Ronald G. Acho, Cummings, McClorey, Davis & Acho, Livonia, MI, for defendants.

### OPINION AND ORDER

FEIKENS, District Judge.

### I. INTRODUCTION

Plaintiffs filed a complaint against the Parke–Davis Division of Warner–Lambert Company and three of its supervisory personnel in Washtenaw County Circuit Court, alleging violations of the Elliott–Larsen Civil Rights Act (ELCRA), M.C.L. § 37.2101 et seq.; and the Handicapper's Civil Rights Act (HCRA), M.C.L. § 37.1101 et seq. Defendants filed a petition to remove the case to this court pursuant to 28 U.S.C. § 1441, alleging that the individual defendants had been fraudulently joined in order to defeat diversity jurisdiction. Plaintiffs filed a motion to remand and impose sanctions.

## II. *BACKGROUND*

Until October 1996, Plaintiffs Mary Kundrot (Kundrot) and Kathleen Day (Day) were employees of the Parke–Davis Division of Warner–Lambert (Warner–Lambert) in Washtenaw County, Michigan. The complaint alleges, among other things, that defendant Lonia Tons Merte (Merte), Kundrot's direct supervisor, would require "team meetings" with Kundrot and co-workers present. During those meetings, Merte would proclaim that she was either atheist or agnostic, ridicule Kundrot's Catholic beliefs, and repeatedly suggest that Kundrot join a group named the Freedom From Religion Foundation. The "continual attack" by Merte prompted Kundrot to stop attending the meetings. Merte continued the alleged religious harassment outside of the meetings.

Sometime during these events, Day "allied" herself with Kundrot, and began complaining to Merte that the "attacks" were unfair and non-business related. In May 1996, both plaintiffs complained to defendant Christy Potterfield (Potterfield), the supervisor for Human Resources, describing Merte's conduct. Despite the fact that Potterfield's responsibilities included handling complaints of unlawful discrimination, Potterfield allegedly failed to take prompt remedial measures on behalf of Warner–Lambert. Consequently, plaintiffs complained to defendant John Baukema (Baukema), a director of Warner–Lambert designated to handle complaints of unlawful discrimination. Baukema also allegedly failed to investigate or take prompt remedial action.

The complaint also alleges that Merte manufactured grounds on which to give both plaintiffs poor work performance reviews, despite their historical record of good reviews. The "harassing behavior" continued,[1] creating a hostile work environment and leading to plaintiffs' constructive discharge.

All three individual defendants, Merte, Potterfield and Baukema, are Michigan citizens, as is plaintiff Kundrot.[2] Warner–Lambert is a Delaware corporation, and is a Delaware citizen for the purposes of diversity jurisdiction.

## III. *REMOVAL*

Defendants filed a petition for removal based on diversity of jurisdiction pursuant to 28 U.S.C. § 1441(b), which provides in relevant part:

> Any civil action of which the districts courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Defendants do not dispute that all three individual defendants are Michigan citizens. Rather, defendants argue that these three defendants were not "properly joined." Thus, as described in *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940 (6th Cir.1994), "the jurisdictional question in this case is whether" Merte, Potterfield and Baukema, "or any of them, were 'parties in interest properly joined ... as defendants.'" *Alexander,* 13 F.3d at 947. If any one of these defendants was properly joined, complete diversity does not exist, and the case must be remanded to the Washtenaw County Circuit Court.

---

1. The complaint also alleges that the harassing behavior included harassment related to physical conditions suffered by plaintiffs (prompting the HCRA claim). These added allegations do not change the analysis of the removal issue, however, and need not be discussed.

2. While Day now resides in Missouri, she was also apparently a Michigan resident at the time of the constructive discharge.

 The burden rests with the defendants, as the removing party, to demonstrate that the individual defendants were fraudulently joined in an effort to defeat diversity jurisdiction. *Alexander,* 13 F.3d at 949.

There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander,* 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir.1968).) "Therefore 'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.' " *Id. See also Mills v. Electronic Data System Corp.,* 986 F.Supp. 437, 439 (E.D.Mich.1997).

 In the present case, plaintiffs allege violations of the ELCRA.[3] The ELCRA prohibits employers from discriminating on the basis of religion. M.C.L. § 37.2202. M.C.L. § 37.2201(a) defines an employer as "a person who has 1 or more employees, and includes an agent of that person." Under Michigan case law, an individual is an "agent" of the employer, amenable to suit under the ELCRA, if that individual was "responsible for making personnel decisions affecting plaintiff." *Jenkins v. American Red Cross,* 141 Mich.App. 785, 800, 369 N.W.2d 223 (1985). The com-

plaint here alleges that each of these defendants, because of their own acts or omissions, contributed to the hostile environment suffered by plaintiffs.[4] Quite simply, then, one or all of these individual defendants' actions, if proven, may constitute personnel decisions affecting plaintiffs and resulting in their alleged constructive discharge. *See Champion v. Nationwide Security, Inc.,* 450 Mich. 702, 709–710, 545 N.W.2d 596 (1996). There is, therefore, a reasonable basis to conclude that Michigan law might hold each of them liable, and joinder of each was proper.[5]

## IV. CONCLUSION

For the above stated reasons, I find that removal was improper, as the individual Michigan defendants in this case were properly joined. Plaintiffs' motion to remand to the Washtenaw County Circuit Court is granted. Plaintiffs' request for sanctions is denied.

**IT IS SO ORDERED.**

---

3. As noted, the complaint also alleges a violation of the HCRA. Because I conclude that plaintiffs can sustain a colorable state law claim under the ELCRA against the individual defendants, there is no need to also consider the HCRA.

4. Indeed, the complaint does not allege any actions by the corporate defendant *other than* those actions taken or omitted by these three individuals. To the extent that plaintiffs can sustain any claim, then, it is because at least one of these three individual defendants is responsible for creating a hostile work envi-

ronment sufficient to constructively discharge plaintiffs.

5. As several decisions of this Court have made clear, the ELCRA, as interpreted by Michigan courts, does allow plaintiffs to sustain an arguable claim against individual defendants on these facts. *See Hall v. State Farm Ins. Co.,* 18 F.Supp.2d 751, 762–764 (E.D.Mich.1998); *Mills, supra, Lawrence v. Electronic Data Systems,* 1994 WL 762217 (E.D.Mich.1994); *See also Ball v. Martin Marietta Magnesia Specialties, Inc.,* 130 F.R.D. 77 (W.D.Mich.1990).